518 P.2d 1392

**Evan W. MERRILL, Plaintiff and Respondent,**

v.

**Floy W. McGINN, Director, Department of Registration, Department of Business Regulation, State of Utah, Defendant and Appellant.**

**No. 13367.**

Supreme Court of Utah.

Feb. 20, 1974.

W. Brent Wilcox of Moyle & Draper, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Ronald K. Fielding, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from an order and judgment of the trial court whereby he was required to license the plaintiff as a certified public accountant. The defendant admits that plaintiff has successfully passed the examinations required for certification and that he is adequately qualified to be licensed as a certified public accountant. However, he contends that until plaintiff has had two years of public accounting experience, no license can be issued to him.

The plaintiff appealed to a special appeal board which recommended that no license issue, and the defendant contends that he is bound to follow that recommendation.[1] The plaintiff then instituted an action in the district court pursuant to Section 58–1–36, U.C.A.1953, where a trial de novo was had.[2] The latter section provides:

. . . [T]he court shall determine the issues on both questions of law and fact and may affirm, set aside or modify the ruling complained of.

1. Section 58–1–35.1, U.C.A.1953.

The evidence revealed the following:

The plaintiff has had accounting experience for some fifteen years in large companies. He worked up through the ranks doing all sorts of accounting work, such as cost analysis, preparation of tax returns, and budgeting and cost accounting. He was finally promoted to the position of comptroller of Eimco Corporation, where he supervised between forty and fifty accounting personnel in the work of cost accounting, budgeting, payrolls, accounts payable, billing and invoicing, general accounting, preparation of financial statements, and internal auditing. In 1969 Eimco Corporation was taken over by Envirotech, and plaintiff was made its assistant comptroller. This company had sales of over $175,000,000.00 in the year 1973. It had subsidiaries in eleven foreign countries. Plaintiff's duties with the new company included the preparation and presentation of financial statements of the company, the preparation of statements for the public and for the Securities and Exchange Commission, and auditing and reviewing the record and systems of subsidiary companies acquired by Envirotech to see that they conformed to procedures and policies of the parent company. After the acquisitions had been approved, he implemented the accounting procedures and policies of

2. Baker v. Department of Registration, 78 Utah 424, 3 P.2d 1082.

the newly acquired companies. In addition, he reviewed numerous audits of the acquired companies which had been performed by others.

In lieu of the requirement of two years' public accounting experience, the accounting board has accepted as a substitute for the required accounting experience, two years as auditor of Blue Cross-Blue Shield or as Internal Revenue Service agent or as accountant for Defense Auditing Agency.

The court after a trial found that the experience of the plaintiff was equal to or superior to that which has heretofore been accepted as a substitute for the two years' public accounting experience. The court further found that the recommendation of the special appeal board that the license be denied to plaintiff was arbitrary, capricious, and without foundation in fact or law.

We do not reverse the trial court where there is evidence to sustain his findings and where he has not erred as a matter of law. We are unable to say that the trial court erred in his order and judgment and, therefore, affirm him. No costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.