116

Robert B. HANSEN, Plaintiff
and Respondent,

v.

PETROF TRADING COMPANY, INC.,
Defendant and Appellant.

No. 13276.

Supreme Court of Utah.

Oct. 11, 1974.

Gerald H. Kinghorn, Kinghorn, Oberhansly & O'Connell, Salt Lake City, for defendant and appellant.

Mark A. Madsen, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a dismissal of a counterclaim, asserted against plaintiff, incident to an attorney's suit for fees, in which he received a judgment. Affirmed, with no costs awarded.

■ Petrof, in lengthy pleadings, affidavits and statements, said the plaintiff, who had to sue for, and obtained judgment for his fees, was compensatorily guilty of malpractice. After hearing the evidence, the trial court said that the pleaded four year limitations statute barred the counterclaim. The chronology of the alleged negligence and filing of Petrof's counterclaim supported the trial court. Petrof, however, said the statute was inapropos since he did not discover the negligence until a time within which the statute was inapplicable. The trial court countered with a finding of fact that if any negligence occurred, which was not conceded by the court or anyone else save Petrof, it "occurred more than four years prior to the filing of said counterclaim *and should have been discovered prior to that time.*" The evidence sufficiently supported such conclusion, which under familiar principles of appellate review, we respect, without further burdening this decision by detailing the quite voluminous record.

■ We further conclude that the trial court committed no prejudicial error in refusing to grant plaintiff any relief as to any additional amount of hourly compensation or interest, urged on cross-appeal to be reimbursable.

CALLISTER, C. J., and CROCKETT and TUCKETT, JJ., concur.

ELLETT, Justice (concurring in the result):

I concur in the result because I do not think the counterclaim states a cause of action. The fact that pretrial depositions

were not used at trial does not in and of itself show negligence or malpractice.

While this point was not raised on appeal, we may notice it in order to *affirm* the trial judge.[1]

However, I cannot agree that the statute of limitations had run on the claim. While it is true that the statutory period had run from the time of the alleged negligence at the time of filing the counterclaim, it had not run from the date of termination of the services of the plaintiff as counsel for defendant in the case wherein the negligence is claimed to have occurred.

I think that so long as a lawyer is trying a case for his client that it would be improper to permit or require the client to begin a separate action against his attorney every time he thought the attorney had erred in a trial tactic. The cause of action, if any there be, should ripen and the statute of limitation begin to run only upon termination of services of the attorney in that particular case.

1. 5 C.J.S. Appeal & Error § 1464(1); Goodsel v. Dept. of Business Regulation, Utah, 523 P. 2d 1230 (1974).