506 P.2d 435

Stephen Paul **VAROZ**, a minor, appearing by and through Benigno Varoz, his guardian ad litem, Plaintiff and Appellant,

v.

Donald D. **SEVEY**, Administrator of the Estate of Ronald F. Sevey, Deceased, and Salt Lake County, Defendants and Respondents.

No. 12956.

Supreme Court of Utah.

Feb. 7, 1973.

Jerman & Dart, B. L. Dart, Jr., Salt Lake City, for plaintiff-appellant.

L. L. Summerhays of Strong & Hanni, Merlin R. Lybbert of Worsley, Snow & Christensen, Salt Lake City, for defendants-respondents.

TUCKETT, Justice.

This action was brought by the plaintiff for the wrongful death of his mother. The action as against Salt Lake County was dismissed by the court below for the failure of the plaintiff to comply with the notice requirements of Section 63–30–13, U.C.A.1953.

The plaintiff is the four-year-old son of Mary Patricia Varoz and is her sole surviving heir. Mary Patricia Varoz was riding as a passenger in an automobile being operated by Ronald F. Sevey which was proceeding in a southerly direction on Second West Street in Salt Lake County. At the intersection of 3900 South Street, Second West Street curves to the west at a 90-degree angle. The automobile failed to negotiate the curve, struck a guard rail and overturned. As a result of the accident Mary Patricia Varoz and Ronald Sevey, the driver of the automobile, received fatal injuries.

Shortly after the accident deputies of the Salt Lake County sheriff investigated the accident and a report was sent to the Salt Lake County traffic engineer. There was some evidence which would indicate that the warning signs posted at the approach to the sharp curve were inadequate and that the guard rail at the curve was improperly constructed. The plaintiff through his attorney filed a notice of claim with the state of Utah after he had received information which proved to be inaccurate that the street in question was maintained by the State. After the claim was denied by the State on the ground that the street was under the jurisdiction of Salt Lake County the plaintiff then filed a notice of claim with the county. The

claim was not filed within 90 days as provided for by Section 63–30–13.

It is the plaintiff's contention that traffic officers employed by the county having made a comprehensive investigation of the accident in question that the county did in fact have actual notice, and that the failure of the plaintiff to give timely written notice should not bar his claim. From the language of the statute it is quite clear that the legislature intended to make the filing of a timely notice of claim prerequisite to maintaining an action. The pertinent language of Section 63–30–13 is as follows:

A claim against a political subdivision shall be forever barred unless notice thereof is filed within ninety days after the cause of action arises; . . ..

█ Actual knowledge of the circumstances which resulted in the death of the plaintiff's mother by officials of the county does not dispense with the necessity of filing a timely claim.

█ The minority of the plaintiff is insufficient to excuse a failure to comply with the applicable statute.[1] It is especially true in this case where the guardian of the plaintiff was aware of the necessity of filing a claim but due to inadvertence filed his claim with the wrong governmental entity.[2]

We conclude that the action of the district court in dismissing the plaintiff's complaint as against Salt Lake County was not erroneous. The decision of the court below is affirmed. No costs awarded.

HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

The plaintiff claims that Salt Lake County had sufficient notice of the matter immediately after the accident occurred and also claims that the county is estopped to assert the defense of failure to file timely because of misinformation given which caused the claim to be filed with the State Highway Department.

I realize that my dissent in the case of Gallegos v. Midvale[1] is not the law of this state. While I do not recede from my views therein expressed, nevertheless I would bow to the law as stated in that case and concur in the instant matter were it not for the fact that Salt Lake County had notice of the accident. A deputy sheriff was notified immediately after the accident and made a complete examination and reported the result of his findings to the

1. Gallegos v. Midvale City, 27 Utah 2d 27, 492 P.2d 1335.

2. See also Sections 27–12–21 and 27–12–66 which deal with designations of State roads.

1. Gallegos v. Midvale City, 27 Utah 2d 27, 492 P.2d 1335 (1972).

county. A deputy county attorney also was summoned to the scene and made a full examination and report. In addition, the attorney for the minor plaintiff called the Highway Department of Salt Lake County and was erroneously told that the section of the road in question was maintained by the Utah State Highway Department. This false information caused a claim to be filed with the State of Utah instead of with Salt Lake County. Upon learning the truth of the matter, to wit, that Salt Lake County maintained the section of the road in question, the four-year-old plaintiff promptly had a guardian ad litem appointed and filed the present action.

In the case of Rice v. Granite School District[2] an adult plaintiff was by the adjuster for the defendant's insurance carrier led to believe that her claim would be settled. After the time for filing her complaint had expired, she was informed that there could be no settlement because of her failure to file her complaint in time and that the claim was barred as a matter of law. She then filed a complaint, and the trial court dismissed the action, as was done in the instant case. The majority of this court reversed the dismissal order in the Rice case, saying:

Where the delay in commencing an action is induced by the conduct of the defendant, or his privies, or an insurance adjuster acting in his behalf, it cannot be availed of by any of them as a defense.

One cannot justly or equitably lull an adversary into a false sense of security thereby subjecting his claim to the bar of limitations, and then be heard to plead that very delay as a defense to the action when brought. Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made may create an estoppel against pleading the Statute of Limitations.

If a grown woman can assert estoppel against a school district, I am unable to see why this four-year-old plaintiff should not equally be entitled to show that his delay in filing a timely claim was due to a misrepresentation made by the employees of Salt Lake County.

The statute says, "A claim against a political subdivision shall be forever barred unless notice thereof is filed within ninety days . . . ."[3] Certainly sufficient notice was timely given to Salt Lake County, and there is no reason why a written notice would have been of any further use to the county.

The purpose of requiring notice to be given was properly stated in the Gallegos case, supra, as follows: "This alerts the

---

2. 23 Utah 2d 22, 28, 456 P.2d 159 (1969).

3. Section 63-30-13, U.C.A.1953 (Replacement Volume 7A).

public authorities so that a proper and timely investigation of the claim can be made . . . "

Salt Lake County claims that there can be no estoppel because the employee who gave the erroneous information about the maintenance of the highway was not identified. That is no reason to cause this case to be dismissed. The plaintiff was not requested to name him, and by the ruling of the court was not permitted to call him as a witness.

For the foregoing reasons, I think the infant plaintiff should have his day in court.

CALLISTER, C. J., concurs in the dissenting opinion of ELLETT, J.