Anne W. EDWARDS, Plaintiff and
Appellant,

v.

IRON COUNTY, Utah, by and through the
Valley View Medical Center, its hos-
pital, Defendant and Respondent.

No. 13793.

Supreme Court of Utah.

Feb. 3, 1975.

Patrick H. Fenton, Cedar City, for plaintiff and appellant.

Elliott J. Williams, of Worsley, Snow & Christensen, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

This is an action for personal injuries suffered by the plaintiff while she was a patient at the Valley View Medical Center, a hospital operated by the County. The court below granted the defendant's motion for a dismissal and the plaintiff has appealed.

The facts in this case are simple and essentially undisputed. The plaintiff was in the hospital operated by the defendant, being treated for an illness. The plaintiff's physician prescribed walking with assistance as part of therapy. On June 8, 1972, the plaintiff was being assisted by a practical nurse employed by the defendant in taking a walking exercise when the nurse left the plaintiff momentarily for the purpose of closing a door. During the absence of the nurse, the plaintiff fell, sustaining a fracture to her arm. The fracture was first treated at a hospital in Salt Lake City and later at the defendant's hospital in Iron County.

■ No notice of a claim was filed by the plaintiff with the County. The plaintiff filed her complaint on June 7, 1973, and a summons was served on September 6, 1973. The first notification of plaintiff's claim came when these proceedings were initiated. The trial court dismissed the complaint on the grounds that the plaintiff had failed to file a notice of a claim as provided for in Section 63–30–13, U.C.A.1953, which states that a claim against a political subdivision shall be forever barred unless notice thereof is filed within 90 days after the cause of action arises. The fact that employees of the County knew of the plaintiff's injuries at the time they occurred does not dispense with the necessity of filing a timely claim.[1] The plaintiff's claim would also be barred by the provisions of Section 17–15–10, U.C.A.1953.

■ The filing of a complaint with the clerk of the district court, even though done one day before the year had elapsed, would not comply with the requirements of filing a claim as required by Section 17–15–10, U.C.A.1953. The complaint could sit in the files of the district court indefinitely without the public officials being aware of the nature of the claim so they could perform their duties with respect to it.[2] Whether the service of summons would constitute presentation of such a claim might present a different question, but the summons was not served until September 6, three months after the year had expired. If the established rules are to be given effect, this claim was filed too late. Inasmuch as it affirmatively appears as a matter of law that the plaintiff has no cause of action, the trial court's judgment of dismissal should be sustained.[3]

The order of the district court dismissing the complaint is affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT and CROCKETT, JJ., concur.

MAUGHAN, Justice (dissenting):

I respectfully dissent. Plaintiff filed this action alleging negligence on the part of a hospital operated by the County. Defendant filed a motion to dismiss, asserting as its sole defense provisions of the Governmental Immunity Act, Chapter 30, Title 63. In the recent decision of Greenhalgh against Payson City, No. 13695, January 2, 1975, this Court held that the operation of a hospital by a municipality is a proprietary function, and that such functions are not within the coverage of the Governmental Immunity Act.

The effect of the Greenhalgh decision, on the instant case, was to strike the sole defense asserted, in the motion to dismiss. The substitution and assertion by this Court, of an alternative defense, viz., Section 17–15–10, U.C.A.1953 as amended, deals with facts not before us, decides, in effect, what 17–15–10 means, and advances an opinion we are not called upon to make.

In view of the fact that the two litigants and the court were dealing with law inapplicable to the fact situation, this case should be remanded to the trial court for further proceedings. Defense counsel may then determine the appropriate mode of asserting those defenses which he deems valid, and plaintiff will be granted an opportunity to determine if Section 17–15–10, U.C.A.1953 as amended, is any bar to his action.

1. Varoz v. Sevey, 29 Utah 2d 158, 506 P.2d 435.

2. See State v. Dixon, 22 Utah 2d 58, 448 P.2d 716.

3. That the judgment under review should be affirmed if it is sustainable upon any proper legal ground apparent from the record see Goodsel v. Dept. of Business Regl., Utah, 523 P.2d 1230.