**Juanita F. VEALEY, Plaintiff and Appellant,**

v.

**Reed S. CLEGG, M.D., Defendant and Respondent.**

**No. 15355.**

Supreme Court of Utah.

May 4, 1978.

Kunz, Kunz, Rencher & Hadley, David S. Kunz, Ogden, for plaintiff and appellant.

Hanson, Wadsworth & Russon, Timothy R. Hanson, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

This appeal is from a ruling by the trial court that plaintiff's right to sue failed because she did not give ninety days' notice of intent to sue prior to the commencement of the action.

Doctor Clegg is an orthopedic surgeon and performed surgical procedures on the plaintiff on November 13, 1974. At that time the statute of limitation was two years [1] for negligence on the part of a surgeon after the date of the injury; or two

---

1. U.C.A., 1953, 78–12–28(3) enacted by Laws of Utah, 1971, ch. 212.

years after the plaintiff discovers, or through the use of reasonable diligence should have discovered the injury, whichever date occurs later, but not exceeding ten years total time.

The statute was subsequently amended, but it was still prior to the filing of the action. It now provides:

. . . No malpractice action against a health care provider may be brought unless it is commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first occurs, but not to exceed four years after the date of the alleged act, omission, neglect or occurrence, except that: [2]

At the same time, a new statute [3] was enacted which, insofar as material, reads:

No malpractice action against a health care provider may be commenced unless and until the plaintiff gives the prospective defendant or his executor or successor, at least ninety days' prior notice of intent to commence an action. Such notice shall include the nature of the claim, the persons involved, the date, time and place of the occurrence, the circumstances thereof, specific allegations of misconduct on the part of the prospective defendant, the nature of the alleged injuries and other damages sustained. . . . If the notice is served less than ninety days prior to the expiration of the applicable time period, the time for commencing the malpractice action against the health care provider shall be extended to ninety days from the date of service of notice.

■ The complaint in this action was filed on October 7, 1976, some thirty-six days before the statute of limitations would have barred the cause of action under either the amendment or the prior law. The plaintiff complains because that since she did not give the ninety-day notice of her intention to sue, the trial court dismissed her case. She claims that in dismissing her action, the court applied retroactively the statute set out above in footnote 3 and that this was error on the part of the trial court.

There is no merit to the claim made. The statute specifically provides that if the statute of limitation would bar a cause of action within ninety days after its effective date, then the time to file the action is extended for ninety days after the giving of the notice.

■ The plaintiff also contends that she gave notice by filing the complaint and, thus, her cause of action is viable. The answer to that contention is that the statute requires notice to be given ninety days *before* the action is filed.

■ She also claims that since the cause of action arose prior to the enactment of the statute, the notice provision does not apply to her. The statute, in effect, is a limitation upon the two-year period prior to the amendment. Formerly a plaintiff could wait two years less a day to decide the question. This, in effect, does have a bearing on the statute of limitations. However, the law is well settled that statutes affecting limitation may be amended and shortened without impinging on any constitutional rights of a party, provided always that a sufficient period of grace is allowed to enable a plaintiff to maintain his cause of action if he will follow the new law.[4] Such a provision is included in the amended statute involved herein.

Limitation statutes and notice requirements are but procedural matters and are not constitutionally protected if they do not adversely affect vested rights.

The requirement of giving notice has been held constitutional by our Court.[5]

**2.** U.C.A., 1953, as amended, 78–14–4, enacted by Laws of Utah, 1976, ch. 23, § 4.

**3.** U.C.A., 1953, as amended, 78–14–8, enacted by Laws of Utah, 1976, ch. 23, § 8.

**4.** 51 Am.Jur.2d, Limitation of Actions, § 38; Annotation in 158 A.L.R. at p. 1043.

**5.** *Varoz v. Sevey*, 29 Utah 2d 158, 506 P.2d 435 (1973); *Edwards v. Iron County*, Utah, 531 P.2d 476 (1975).

There was no error in the ruling of the trial court and the judgment is affirmed. Costs are awarded to the respondent.

CROCKETT, and HALL, JJ., concur.

WILKINS, J., dissents by separate opinion.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.

WILKINS, Justice (dissenting).

I respectfully dissent on the basis that the notice provision does not apply to plaintiff because the cause of action in this matter arose prior to the enactment of the statute.

I agree with the majority opinion that generally "[l]imitation statutes and notice requirements are but procedural matters . . ." and may therefore be applied retroactively.

But legislative intent in this case is, I submit, otherwise with respect to the notice provision and must control.

Utah Code Ann., 1953, Sec. 78–14–4, as amended, refers specifically to the statute of limitations in this matter and in subsection (2) thereof states that the statute of limitations will be applied retroactively, with certain reservations not relevant here. Utah Code Ann., 1953, Sec. 78–14–8, as amended, is the statute pertaining to the requirement that ninety days prior notice must be given before action is commenced. In this latter statute, no language of retroactivity is used or suggested. Therefore, the Legislature meant that no retroactive effect be given to the *notice* requirement.

Additionally it seems to me that the construction of Sec. 78–14–8 which I suggest would allow this lawsuit to be heard on its merits rather than truncated by a procedural ruling.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.