David Allen BENNION, Donald Dean
Bennion, and Dennis Layne
Bennion, Plaintiffs and Appellants,

v.

Lloyd HANSEN and John J. Van Leeu-
wen, as Trustees of the Grover A. Han-
sen Trust, Defendants and Respon-
dents.

No. 18925.

Supreme Court of Utah.

April 5, 1985.

James A. McIntosh, Salt Lake City, for
plaintiffs and appellants.

Craig G. Adamson, Salt Lake City, for
defendants and respondents.

ZIMMERMAN, Justice:

This is an appeal from a judgment affirming the disposition of an estate in accordance with an amended trust instrument. The appellants seek reversal on grounds that the trust instrument, which by its terms was irrevocable and unamendable, took effect before it was amended and, therefore, the amendment should have been ignored. We affirm the trial court.

Plaintiffs Layne, David, and Donald Bennion ("the Bennion brothers") sued Lloyd Hansen and John Van Leeuwen in their capacities as trustees of the Grover A. Hansen Trust, seeking to enforce the terms of a 1972 declaration of trust executed by their grandfather, Grover A. Hansen. Under the terms of the 1972 declaration, plaintiffs were to receive approximately one-third of Mr. Hansen's estate on the death of their mother, Mr. Hansen's daughter. The estate consisted almost entirely of a condominium and its furnishings. Rather than following the 1972 instrument's provisions, upon the death of the Bennion brothers' mother, the trustees distributed the estate in accordance with the terms of a 1974 amendment to the 1972 declaration of trust. This amendment reduced the brothers' share of the estate to the lump sum of $4,500 to be shared equally among them.

After the brothers' request for a jury was denied for untimeliness, the trial court heard testimony and held that the 1974 amendment was effective. It found as a matter of fact that Grover Hansen had no present intent to create a trust in 1972 and had not delivered any property into the trust prior to executing the 1974 amendment. It therefore concluded that the irrevocable trust was not actually created until 1974 and that its terms were those set forth in the declaration signed in 1972, as modified by the 1974 amendment. The court granted judgment for the defendants.

In this Court, the Bennion brothers seek reversal, claiming that the trial court erred in denying their request for a jury, that the 1974 amendment was ineffective because in 1972 there was valid delivery of both the declaration of irrevocable trust and a deed conveying the condominium into the trust, and that the trial court erred when it entered findings and conclusions inconsistent with its own earlier oral statements.

The facts with respect to the brothers' first claim are simple. They filed a request for a jury eight days before the trial date. Rule 4.2 of the Rules of Practice in the district courts of this state requires that such a request be made ten days before trial. The trustees objected to the notice, and the law and motion judge sustained the objection. The brothers argue that this ruling denied them their constitutional right to a jury trial. Their argument is without merit. The Utah Constitution, article I, section 10, provides that in civil cases the right to a jury trial is "waived unless demanded." To avail oneself of this right, one's demand must be timely and in accordance with applicable rule or statute. *Board of Education v. West*, 55 Utah 357, 362–63, 186 P. 114, 116 (1919). Nothing more was required by the court below.

The brothers further contend that, under *Board of Education*, the trial court had the discretion to relieve them of their default upon a showing of good cause and that the court abused its discretion by not permitting them a jury. However, there is absolutely no factual basis for finding that the lower court abused its discretion. The only excuse offered for the failure to file the demand on time is that the deadline for filing the notice fell on a Sunday. The notice, however, was filed on the following Tuesday, four days late.[1] It is hard to

---

1. Rule 4.2, Utah R. Practice, states that a written demand for a jury trial "must be filed *at least* ten (10) days prior to trial or at such other time as the trial judge may order." (Emphasis added.) Rule 6, Utah R.Civ.P., in delineating how time limits shall be computed, states that the day of the event from which the designated time period runs, here the trial date, is not included in the computation. The last day of the period *is* included unless it is a Saturday, a Sunday, or a legal holiday. In that case, the time period runs "until the end of the *next day* which is not

understand how this fact alone would warrant our finding that the trial court abused its discretion in denying the brothers' request for a jury.

With respect to the second point, the brothers contend that in 1972 the trust declaration and the deed conveying the condominium to the trust were properly delivered and, therefore, that this property was beyond the reach of the 1974 amendment. This argument runs directly contrary to the trial court's explicit finding of fact that although the grantor executed these instruments in 1972, he did not deliver either instrument and had no intention of making such delivery. The court found that these instruments were not delivered and did not become effective until 1974 when the grantor executed the amendment and then had all three instruments simultaneously recorded.

■ On appeal, the findings of the trial court will not be disturbed unless there is no substantial record evidence to support them. *See, e.g., Litho Sales, Inc. v. Cutrubus*, Utah, 636 P.2d 487, 488 (1981). In reviewing the evidence, we view it in the light most favorable to the trial court. *See, e.g., Hardy v. Hendrickson*, 27 Utah 2d 251, 254, 495 P.2d 28, 29 (1972). The brothers' counsel has not approached this appeal with these standards in mind. His brief ignores the trial court's findings and invites this Court to reweigh all the evidence on the issue and independently find the facts. That is not this Court's role, and we firmly decline the brothers' invitation. Considering the evidence under the appropriate standards, we conclude that the trial court's findings have adequate evidentiary support and should not be disturbed.

■ Creation of a trust requires delivery of property into the trust. Delivery of a deed requires that the grantor either relinquish physical control of the deed or have a present intent to permanently divest himself of title to the property. *See Wiggill v. Cheney*, Utah, 597 P.2d 1351, 1352 (1979); *Hanns v. Hanns*, 246 Or. 282, 423 P.2d 499, 507 (1967). The general rule is that the party challenging the validity of delivery bears the burden of proof. *Controlled Receivables, Inc. v. Harman*, 17 Utah 2d 420, 423, 413 P.2d 807, 809 (1966). However, where the grantor retains possession of or the right to recall the deed, the burden shifts to the party claiming under the deed. *Hanns v. Hanns*, 423 P.2d at 508.

■ In the present case, both parties conceded that actual physical delivery of the deed to the condominium did not occur. The brothers' claim rests on the contention that Grover Hansen placed the deed and the trust declaration in a safety deposit box in 1972 with the intention of relinquishing control over both documents. For this proposition, the brothers rely on the fact that one of the trustees had a key to the box. *See Agrelius v. Mohesky*, 208 Kan. 790, 494 P.2d 1095 (1972). However, there was ample evidence to support the trial court's finding that the brothers had not carried their burden of proof on this point.

First, there was conflicting testimony as to whether Grover Hansen had put the deed in the safety deposit box. Second, even if he did put the deed in the box, there was evidence that he did not do so with an intention to relinquish control over it and to effect delivery into the trust. The evidence was undisputed that Grover maintained control over the deed from 1972 until 1974. No one saw either the trust declaration or the deed from 1972 until Grover produced the documents in 1974 when the amendment was executed and all documents were recorded.

a Saturday, a Sunday or a legal holiday." (Emphasis added.) Reading these two rules together, the minimum ten-day period is counted back from the day before the trial is scheduled. Should the tenth day fall on a Sunday, as here, the time period must be counted back to the next day that is not a Saturday, a Sunday, or a legal holiday. Thus, the jury demand would be due on the prior Friday. A Friday filing would comply with the demands of both Rule 4.2 and Rule 6, while to allow a Monday filing would directly contravene the ten-day minimum required by Rule 4.2.

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■ The final argument of the brothers is also without merit. At the close of trial, after telling the parties he would take the matter under advisement and would further consider their trial briefs, the judge commented on his understanding of the evidence and gave some indication of his leanings. The brothers complain that the findings of fact finally signed by the judge do not agree with his post-trial comments. Until a court files its findings of fact, no decision has been rendered or final ruling made. Any judge is free to change his or her mind on the outcome of a case until a decision is formally rendered. *McCollum v. Clothier*, 121 Utah 311, 320, 241 P.2d 468, 472 (1952); *Chapman v. Jesco, Inc.*, 98 N.M. 707, 709, 652 P.2d 257, 259 (1982); *Johnson v. Whitman*, 1 Wash.App. 540, 541, 463 P.2d 207, 209 (1969). The rule suggested by the brothers would mean that a judge would have to refrain from expressing any views he or she might have on a matter for fear that those comments might be found to control the later disposition of the case. It would be most unwise to adopt any rule that might discourage judges from frankly discussing the merits of cases before them with attorneys for both sides; such discussion is often valuable to the court and counsel, both in focusing on the pivotal issues and in clarifying points that the court might otherwise have misunderstood.

The decision below is affirmed. Costs to respondents.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.