George "Nick" KIRK, Plaintiff and Appellant,

v.

STATE of Utah and its subdivision, the Department of Corrections, Defendant and Respondent.

No. 890276–CA.

Court of Appeals of Utah.

Dec. 27, 1989.

---

Paul N. Cotro–Manes, Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, Allan L. Larson, Dennis C. Ferguson, and Christopher C. Fuller, Salt Lake City, for defendant and respondent.

Before BENCH and JACKSON, JJ., and BULLOCK,[1] Senior District Judge.

---

**1.** J. Robert Bullock, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1989).

## OPINION

BENCH, Judge:

Plaintiff George "Nick" Kirk appeals an order granting the State's motion to dismiss his negligence action. We affirm.

Plaintiff's complaint against the State stems from an injury he received while working as an unarmed bailiff at the Metropolitan Hall of Justice. On April 2, 1985, Ronnie Lee Gardner, an inmate at the Utah State Prison, was escorted by two corrections officers to the Hall of Justice to attend court proceedings. In the basement of the building, a female accomplice passed a loaded handgun to Gardner, who then exchanged gunfire with the officers. When plaintiff came down a stairwell to investigate the commotion, Gardner shot and seriously wounded him. *See State v. Gardner*, 101 Utah Adv.Rep. 3 (1989).

The State moved to dismiss plaintiff's complaint under the provisions of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63–30–1 to –38 (1989). The State contended that it was immune from suit because plaintiff's injury resulted from the exercise of a governmental function. *See* Utah Code Ann. § 63–30–3 (1989). The State further argued that even if the injury resulted from the negligent acts or omissions of state employees, there is no waiver of immunity if the injury *"arises out of the incarceration of any person* in any state prison ... or other place of legal confinement." *See* Utah Code Ann. § 63–30–10(1)(j) (1989) (emphasis added).

The district court granted the State's motion to dismiss, finding that the State's employees "were clearly engaged in a governmental function" and that Gardner was "an inmate incarcerated at the Utah State Prison who was under the control of the state." The court concluded that defendants were immune from suit under section 63–30–10(1)(j).

In reviewing the dismissal of plaintiff's action, we must view his complaint and all reasonable inferences in his favor. *Mounteer v. Utah Power & Light Co.*, 773 P.2d 405, 406 (Utah Ct.App.1989). Dismissal "is

only appropriate when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." *Freegard v. First W. Nat'l Bank*, 738 P.2d 614, 616 (Utah 1987). Our review of the record leads us to conclude, as did the district court, that dismissal is warranted under any view of the facts contained in plaintiff's complaint.

In analyzing his negligence claim, we may take one of two approaches. We may first determine whether plaintiff has established a duty of due care owed to him as an individual by the State, and not merely a duty owed to the "general public at large." *See Ferree v. State*, 784 P.2d 149, 151 (1989) (involving the State's tort liability for a murder committed by a felon on a weekend release). A plaintiff cannot establish negligence without first establishing the existence of such a duty. *Id.*

An alternative approach is to assume the existence of a duty, and hence, negligence, and then address the issue of sovereign immunity. *Id.* at 152. Since this is the approach taken by the district court in this case, we examine plaintiff's cause of action in this light to determine whether dismissal was appropriate.

We first determine if plaintiff's injuries resulted from the exercise of a governmental function. *See* Utah Code Ann. § 63–30–3 (1989). The district court concluded that the transportation of inmates from prison to the courthouse is a function unique to government, and plaintiff has not disputed that finding. Governmental immunity may be waived, however, where a plaintiff establishes a "negligent act or omission of an employee committed within the scope of his employment." Utah Code Ann. § 63–30–10(1) (1989). Even assuming the existence of such an act or omission in this case, the waiver of immunity does not apply if plaintiff's injury arose out of Gardner's incarceration or legal confinement. *See* Utah Code Ann. § 63–30–10(1)(j) (1989). The retention of immunity under this provision has been interpreted to include situations where the injury is caused by an

incarcerated person "under the control of the State," *Madsen v. State*, 583 P.2d 92, 93 (Utah 1978), or where the person "cannot be released without some kind of permission." *Emery v. State*, 26 Utah 2d 1, 2, 483 P.2d 1296, 1297 (1971).

We find *Epting v. State*, 546 P.2d 242 (Utah 1976), dispositive of this appeal. As in *Epting*, the following observations can be made regarding Gardner's role in plaintiff's injury: Either Gardner had "totally escaped the control of the prison and was thus acting on his own so the prison was not responsible for him" or "he was still under the control of the prison authorities ... in which latter instance the prison is immune from suit under the statute." *Id.* at 244. Since either interpretation of the facts would obviate the State's liability, the district court correctly granted the State's motion to dismiss.

Plaintiff urges us to adopt by judicial fiat the "modern trend" in holding governments accountable for the negligent handling of prisoners. This is an argument best addressed to the legislature. *See, e.g., Olympus Oil, Inc. v. Harrison*, 778 P.2d 1008, 1010 (Utah Ct.App.1989). In any event, it is apparent that this jurisdiction continues to follow the traditional approach. *See generally Ferree*, 784 P.2d 149. We have reviewed other issues raised by plaintiff on appeal and find them to be without merit.

The judgment of the district court is affirmed.

JACKSON, J., and J. ROBERT BULLOCK, Senior District Judge, concur.