Etie Janvier KABWASA, Plaintiff,

v.

UNIVERSITY OF UTAH, Tom Burt, Greg Cover, Mark Flutsy, David Holbrook, Stephen B. Moulding, Stacie Radley, Gayle O. Snyder, Lyle Stevens, Jerry Thompson, and John Does 1 through 10, Defendants.

Civ. No. 89-C-488G.

United States District Court,
D. Utah, C.D.

June 7, 1990.

L. Zane Gill, for plaintiff.

William Evans, Reed M. Stringham, Asst. Utah Attys. Gen., for defendants.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came on regularly on March 15, 1990 for hearing on Defendants' Motions for Partial Dismissal and for Partial Summary Judgment. Defendants were represented by Assistant Utah Attorney General William Evans and Assistant Utah Attorney General Reed M. Stringham, and plaintiff was represented by L. Zane Gill. After briefing by the parties and oral argument, the court took defendants' motions under advisement. Now, being fully advised, the court sets forth its Memorandum Decision and order.

## BACKGROUND

This case involves claims of racial discrimination in connection with plaintiff's employment at the University of Utah, which was terminated on December 4, 1987. Plaintiff's suit names the University and various University employees as defendants. In addition to alleging various common law pendant tort claims (Counts IV through X), plaintiff alleges violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, (Count I), and violation of his civil rights redressable under 42 U.S.C. §§ 1981, 1983 (Counts II and III).

All defendants moved for summary judgment on the pendant state law claims (Counts IV through X), on the basis that plaintiff failed to file the requisite notice of claim pursuant to sections 63-30-11 and -12 of the Utah Code. In addition, defendant University of Utah moved to dismiss all claims, except the Title VII claim (Count

I), on the basis that such claims are barred by the Eleventh Amendment and that the State of Utah has not waived immunity as to the University under the Utah Governmental Immunity Act, Utah Code Ann. §§ 63–30–1 to –38 (1989). Plaintiff conceded in his second reply brief that all claims against the University except Count I should be dismissed. Accordingly, those claims are dismissed. Also, defendant David Holbrook moved for dismissal of all counts against him, and plaintiff conceded in his second reply brief that defendant Holbrook should be dismissed entirely from plaintiff's suit. Accordingly, all claims against defendant Holbrook are dismissed. Defendant Stacie Radley moved for summary judgment as to Count VII, the breach of fiduciary duty claim, but that motion was withdrawn at the time of argument.

The only issue that remains is whether plaintiff's pendant state law claims against the remaining individual defendants ought to be dismissed for failure by plaintiff to comply with the notice of claim provisions of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63–30–11, –12.

## DISCUSSION

For purposes of their motion on the notice of claim issue, the individual defendants agree that plaintiff's causes of action arose on December 4, 1987, the day plaintiff's employment was terminated. On September 15, 1988, plaintiff's attorney L. Zane Gill delivered a letter addressed to William Evans, an Assistant Attorney General of the State of Utah. This letter outlined the acts of discrimination allegedly suffered by plaintiff and discussed settlement of the matter. At issue is whether this letter satisfied the "notice of claim" requirement of the Utah Governmental Immunity Act.

### 1. *Requirement of Two Notices*

The Utah Governmental Immunity Act governs the procedure for suing the State of Utah and its agencies and employees.

Sections 63–30–11 and 63–30–12 of the Act sets forth the notice of claim requirement at issue in this case. Section 63–30–12 provides:

A claim against the state, or against its employee for an act or omission occurring during the performance of his duties, within the scope of employment, or under color of authority, is barred unless notice of claim is filed with the *attorney general and the agency concerned* within one year after the claim arises ... regardless of whether or not the function giving rise to the claim is characterized as governmental.

Utah Code Ann. § 63–30–12 (1989).

Defendants argue that plaintiff's letter of September 15, 1988 to an Assistant Attorney General is insufficient because the statute explicitly requires that the two notices be sent; one to the attorney general and one to the "agency concerned," which in this case is the University of Utah. As support, defendants cite several Utah Supreme Court cases which emphasize that full compliance with the notice of claim requirement is necessary to maintain an action pursuant to the statute, even if a defendant has actual notice of the claim. *Payne v. Myers*, 743 P.2d 186, 190 (Utah 1987); *Scarborough v. Granite School District*, 531 P.2d 480, 482 (Utah 1975); *Varoz v. Sevey*, 29 Utah 2d 158, 506 P.2d 435, 436 (1973).

Plaintiff responds to defendants' argument by claiming that the requirement of filing two notices is redundant and unnecessary. Plaintiff asserts that notice was filed with Assistant Attorney General William Evans whom plaintiff's counsel knew to be counsel for the University. Plaintiff argues that Mr. Evans was a duel agent for both the Attorney General and the University of Utah, and that the single notice filed with Mr. Evans was tantamount to filing separate notices with the Attorney General and the University.

■ The court agrees with the defendants that the plain meaning of section 63–

30–12 requires that two notices of claim should have been filed by plaintiff: one to the Attorney General and one to the University of Utah. Although this statutory requirement may result in redundant notice being given, such redundancy apparently is mandated by the statute inasmuch as the Utah Attorney General is the agent and legal counsel for all state agencies, including the University of Utah. In this pendant state law claim, the court is unwilling to ignore unambiguous language of the Utah statute requiring two separate notices, especially where the Utah Supreme Court has repeatedly held that strict compliance with the notice of claim provision is essential to maintain a suit pursuant to the Governmental Immunity Act.

### 2. *Notice Requirement for Individual Capacity Defendants*

■ Plaintiff alternatively argues that even if his notice of claim is deemed insufficient, his claims against the individual employees for acts committed in their personal capacity—as opposed to acts committed in their official or representative capacity—should not be dismissed. In this regard, plaintiff argues that because section 63–30–4(4) only addresses suits against employees in their "representative capacity," the Act does not apply to or preclude suits against employees in their "personal capacity." Section 63–30–4(4) of the Governmental Immunity Act provides:

> An employee may be joined in an action against a governmental entity in a *representative capacity* if the act or omission complained of is one for which the governmental entity may be liable, but *no employee may be held personally liable for acts or omissions occurring during the performance of the employee's duties, within the scope of employment or under color of authority, unless it is established that the employee acted or failed to act due to fraud or malice.*

Utah Code Ann. § 63–30–4(4) (1989) (emphasis added).

Also relevant to this inquiry is section 63–30–4(3) of the Act, which provides:

> The remedy against a governmental entity or its employee for an injury caused by an act or omission which occurs *during the performance of such employee's duties, within the scope of employment, or under color of authority* is, after the effective date of this act, exclusive of any other civil action or proceeding by reason of the same subject matter against the employee ... whose act or omission gave rise to the claim, *unless the employee acted or failed to act through fraud or malice.*

*Id.* at § 63–30–4(3)(emphasis added).

Defendants' argue that the notice of claim provisions of the Governmental Immunity Act, Sections 63–30–11 and –12, do not distinguish between personal and representative capacity actions, and therefore a notice of claim is required in *all* suits against state employees. The notice of claim provision provides that a written notice of claim must be filed by any person who has "a claim ... against an employee *for an act or omission occurring during the performance of his duties, within the scope of employment, or under color of authority.*" *Id.* at §§ 63–30–11(2), 63–30–12 (emphasis added).

The Utah Supreme Court seems to agree with defendants' position as reflecting the meaning of section 63–30–11 since the 1983 Amendment thereof. In *Madsen v. Borthick*, 769 P.2d 245, 252 (Utah 1988), the court said that the effect of the 1983 amendment of the statute was to leave only the first paragraph of 63–30–11, "... which requires that a notice of claim be filed with the State in *all* suits brought against state employees for actions taken in the course of their employment." (Emphasis added.) Manifestly, the actions of defendants were taken in the course of their employment. The Governmental Immunity Act contemplates that an employee can be held personally liable for acts in the course of employment (i.e., "acts or omissions occurring during the performance of

the employee's duties, within the scope of employment or under the color of authority") if it is established that the employee "acted or failed to act due to fraud or malice." Utah Code Ann. § 63–30–4(3). It follows that the notice of claim provision likely would be interpreted by the Utah Supreme Court as now constituted to be applicable to all claims against state employees, "whether or not any judgment might ultimately be payable by the State," as long as the employees' alleged acts "were taken in the course of their employment." *Madsen v. Borthick,* 769 P.2d at 252. In any event, that is this court's "Erie guess."

Based upon the foregoing, defendants' Motion for Partial Summary Judgment is granted, and plaintiff's pendant state law claims (Counts IV through X) against all defendants are dismissed. As noted earlier, defendant David Holbrook is dismissed entirely from plaintiff's suit, and all claims against defendant University of Utah are dismissed except for Count I, the Title VII claim.

Counsel for defendants is directed to prepare a form of Judgment consistent with this Memorandum Decision and order and lodge the same with the court after compliance with Local Rule 13(e).

IT IS SO ORDERED.