**Nicholas LAMARR, Plaintiff and Appellant,**

v.

**UTAH STATE DEPARTMENT OF TRANSPORTATION, and Salt Lake City, Defendants and Appellees.**

**No. 910600–CA.**

Court of Appeals of Utah.

March 26, 1992.

---

Gordon K. Jensen (Argued), Goicoechea Law Offices, West Valley City, for appellant.

Roger F. Cutler, City Atty., Bruce R. Baird (Argued), Asst. City Atty., Salt Lake City, R. Paul Van Dam, Utah Atty. Gen., Brent Burnett (Argued), Asst. Atty. Gen., Salt Lake City, for appellee.

Before BILLINGS, Associate P.J., and JACKSON and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Plaintiff Nicholas Lamarr (Lamarr) appeals from a summary judgment dismissing his negligence claims against the Utah State Department of Transportation (UDOT) and Salt Lake City (the City) arising out of an accident on the North Temple overpass. We affirm.

## FACTS

On April 18, 1987, at approximately 10:30 p.m., Lamarr was struck by a car while walking east across the North Temple overpass. The impact threw Lamarr over the side of the overpass, and Lamarr struck the ground, suffering serious, permanent injuries.

Before the accident, Lamarr had walked west across the overpass using the pedestrian walkway that deposits pedestrians under the overpass. Lamarr was frightened and harassed by transients who had congregated under the overpass. On his return trip, Lamarr walked along the overpass's roadway. Lamarr claims this was necessary to avoid harassment and possible

physical violence by the transients congregated around the stairway leading to the walkway. While walking along the roadway, an automobile struck Lamarr throwing him over the side of the overpass.

Lamarr brought suit against UDOT and the City. Lamarr contends UDOT and the City were negligent in failing to properly construct, maintain, and place signs on the overpass. Lamarr also contends the City negligently failed to properly "control"[1] the transient population under the overpass. After discovery, the City and UDOT moved for summary judgment on a number of alternative grounds. The trial court granted summary judgment in favor of both UDOT and the City.

Lamarr presents four issues on appeal: (1) did the trial court err in holding the City owed Lamarr no duty for construction, maintenance, or placing signs on the overpass?; (2) did the trial court err in holding the City owed Lamarr no private duty to control the transient population?; (3) did the trial court err in ruling as a matter of law the City and UDOT did not proximately cause Lamarr's injuries?; and (4) did the trial court err in concluding any duty of the City to control the transient population is an immune discretionary function, under Utah Code Ann. § 63–30–10(1)(a) (1989)? UDOT presents two additional issues on appeal: (1) did Lamarr's failure to file a notice of his claim with both UDOT and the attorney general deprive the trial court of jurisdiction over Lamarr's claims against UDOT?, and (2) did UDOT owe Lamarr a duty of care?

Summary judgment is proper when the record indicates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Kitchen v. Cal Gas Co.,* 821 P.2d 458, 460 (Utah App.1991). We review the trial court's grant of summary judgment under a "correctness" standard. *Id.* Thus, we accord no deference to the trial court's legal conclusions underlying its grant of summary judgment. *Id.*

We first consider whether summary judgment in favor of the City was proper, and then turn to the grant of summary judgment in favor of UDOT.

## I. SUMMARY JUDGMENT FOR THE CITY

■ Lamarr raises multiple claims of error. Because of our resolution of the duty issue, however, we need not reach the other issues briefed on appeal.[2]

### A. Duty Generally

■ In Utah, a plaintiff must establish four elements to state a claim of negligence: the defendant owed the plaintiff a duty, defendant breached the duty (negligence), the breach of the duty was the proximate cause of plaintiff's injury, and there was in fact injury. *Reeves v. Gentile,* 813 P.2d 111, 116 (Utah 1991). Establishing the defendant owed the plaintiff a duty of care is "[a]n essential element of a negligence claim." *Owens v. Garfield,* 784 P.2d 1187, 1189 (Utah 1989). In fact, the Utah Supreme Court recently noted that without a showing of duty, a plaintiff can-

---

1. Although we find Lamarr's use of the term "control" in reference to the City's transient population troublesome, to directly address Lamarr's claims we repeat that term here.

2. Lamarr also argues the trial court improperly reconsidered the question of the City's duty to Lamarr. Lamarr correctly notes the trial court denied the City's first motion for summary judgment asserting the City owed Lamarr no duty of care. The trial court granted summary judgment only after the City made a second motion for summary judgment. Lamarr claims the trial court's earlier denial of the City's first motion for summary judgment precluded the trial court from revisiting the duty issue.

Lamarr ignores the well-established rule that " '[a]ny judge is free to change his or her mind

on the outcome of a case until a decision is formally rendered.' " *Salt Lake City Corp. v. James Constructors, Inc.,* 761 P.2d 42, 45 (Utah App.1988) (quoting *Bennion v. Hansen,* 699 P.2d 757, 760 (Utah 1985)). "[A] trial court is not inexorably bound by its own precedents...." *Id.* The trial court is free to reconsider its earlier decision, especially when, as here, a party supports a second motion for summary judgment with additional evidence. This rule has particular application in cases that, like this one, involve multiple parties and multiple claims. *Id.* at 44 n. 5. Therefore, we conclude the trial court did not err in considering the City's second motion for summary judgment.

not recover. *Rollins v. Petersen*, 813 P.2d 1156, 1159 (Utah 1991). "Duty is 'a question of whether the defendant is under any obligation for the benefit of a particular plaintiff....'" *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989) (quoting W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 30, at 356–57 (W. Keeton 5th ed. 1984)). Whether the defendant owed the plaintiff a duty of care is "entirely a question of law to be determined by the court." *Id.*

### B. Duty to Maintain Safe Overpass

■ Lamarr first claims the City owed him a duty to maintain a sidewalk on the overpass or to place on the overpass signs that would have prevented him from walking on the roadway. Lamarr contends this duty inheres from the Utah Sidewalk Construction Act, which provides:

> The legislature recognizes that adequate sidewalks and pedestrian safety devices are essential to the general welfare of the citizens of the state. It is the opinion of the legislature that existing sidewalks within the state, especially in the most populated areas, are not adequate to service the walking public with a result of creating unnecessary hazards to pedestrian and vehicular traffic.

Utah Code Ann. § 27–14–2 (1989). Section 27–14–2 further states: "It is the intent of this act to provide a means whereby a portion of the funds received by the counties and participating cities as B and C road funds *may* be used for the construction of curbs, gutters, sidewalks and pedestrian safety devices pursuant to the guidelines set forth in this act." *Id.* (emphasis added). Lamarr argues this statute imposes a mandatory duty on the City to construct a sidewalk on the overpass, even though Lamarr admits the overpass is a state road and already has a state-maintained pedestrian walkway. We disagree.

In construing statutes, we are bound to "assume that each term of a statute was used advisedly; and that each should be given an interpretation and application in accord with their [sic] usually accepted meaning, unless the context otherwise requires." *Grant v. Utah State Land Bd.*, 26 Utah 2d 100, 485 P.2d 1035, 1036 (1971). In *Grant*, the court construed a forfeiture statute providing that the State Land Board "'may reinstate'" a previously forfeited land sales contract. *Id.*, 485 P.2d at 1036 (quoting Utah Code Ann. § 65–1–47 (1953)). The plaintiff contended section 65–1–47 "vest[ed] in him the absolute right to reinstate a forfeited certificate." *Id.* The court disagreed, holding the word "may" is not mandatory but only permissive. *Id.*

■ Based on the plain meaning of the statute, we hold the Utah Sidewalk Construction Act does not place a mandatory duty on the City to supplement the State's efforts to ensure pedestrian safety on state roads. Thus, the City had no duty to maintain or construct a sidewalk on the overpass or to place signs on the overpass that would have prevented Lamarr from walking across the roadway. Accordingly, the trial court did not err in granting the City summary judgment on this duty issue.[3]

### C. Public Duty Doctrine

■ Lamarr also claims the City owed him a duty to "control" the transient population beneath the overpass. The trial court held the City did not owe Lamarr such a duty. We agree with the trial court, and hold that under the public duty doctrine, the City owed no duty to Lamarr to "control" transients.

Under the public duty doctrine,

> [f]or a governmental agency and its agents to be liable for negligently caused injury suffered by a member of the pub-

---

**3.** We emphasize our resolution of the duty issue is fact specific. There is no dispute the overpass is a state highway. Thus, any duty of the City to maintain that highway must be a statutory duty, and our analysis focuses on that issue. Our resolution of this issue in no way addresses the existence or scope of the City's duty to safely maintain its streets.

Because we hold the City had no duty to construct or place signs on the overpass, we need not reach the issue of whether that duty is a public or private duty under the public duty doctrine.

lic, the plaintiff must show a breach of a duty owed him as an individual, not merely the breach of an obligation owed to the general public at large by the governmental official.

*Ferree*, 784 P.2d at 151 (citing *Obray v. Malmberg*, 26 Utah 2d 17, 484 P.2d 160, 162 (1971)). The public duty doctrine has been defined as "a duty to all is a duty to none." *Rollins*, 813 P.2d at 1165 (Durham, J., concurring in part and dissenting in part). Thus, if the City owed no duty to Lamarr apart from its duty to the general public, Lamarr cannot recover. *See Ferree*, 784 P.2d at 152.

The Utah Supreme Court recently explained the parameters of Utah's public duty doctrine. *See id.* In *Ferree*, the court applied the public duty doctrine holding state corrections officials were not liable when a prison inmate on weekend release murdered Dean Ferree. *Id.* at 151–52. The court concluded the officials had only a general duty to the public, not a private duty to Ferree, and therefore owed Ferree no duty of care. *Id.* Moreover, in *Rollins*, 813 P.2d 1156, the court affirmed the trial court's grant of summary judgment because under the public duty doctrine, the State did not owe a duty to protect the decedent from a state hospital patient. *Id.* at 1161–62. The court specifically noted the decedent "was simply a member of the public, no more distinguishable to the hospital than to any other person." *Id.* at 1162.

▬ Lamarr contends "[t]he public duty doctrine has no application where governmental immunity has specifically been waived by statute." The Utah Supreme Court has clearly rejected Lamarr's theory.[4] The specific question of the effect of waiver of immunity on the public duty doctrine was addressed in *Ferree*. In rejecting a claim similar to Lamarr's, the court stated:

Sovereign immunity, however, is an affirmative defense and conceptually arises subsequent to the question of whether there is tort liability in the first instance. There is sound reason and desirable simplicity in analyzing and applying negligence concepts before deciding issues of sovereign immunity....

"... Conceptually, the question of the applicability of a statutory immunity does not even arise until it is determined that a defendant otherwise owes a duty of care to the plaintiff and thus would be liable in the absence of such immunity."

*Ferree*, 784 P.2d at 152–53 (quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 201–02, 649 P.2d 894, 896, 185 Cal.Rptr. 252, 254 (1982)).

The Utah Supreme Court recently affirmed its decision and reasoning in *Ferree*. In *Rollins*, 813 P.2d 1156, the estate of a decedent killed in an accident with a stolen automobile driven by a state hospital patient brought a wrongful death action against, among others, the State. *Id.* at 1158. The trial court granted the State's motion for summary judgment concluding the State had no duty to the decedent other than its duty to the general public. *Id.* On appeal, the court again addressed the question of whether the legislature's abrogation of immunity abolished the public duty doctrine. Once again answering this question in the negative, the court explained:

[T]he legislature's abrogation of absolute sovereign immunity does not lead to the conclusion that the public duty doctrine has also been abrogated. Legislative recognition of a right to recover from one who has previously been immune from liability for tortious acts *cannot logically be read as an elimination of the requirement that before one can recover damages from another, a tort must be proven.* There must still be

4. The public duty doctrine is a creature of the common law. Lamarr basically argues the legislature abrogated the common law doctrine in enacting the Governmental Immunity Act. Although the supreme court in *Ferree* and *Rollins* expressly rejects this argument, we note the legislature could abrogate that common law doctrine if it chose to do so in specific terms. *Cf. Norton v. Macfarlane*, 818 P.2d 8, 12 (Utah 1991) (legislature has last word with respect to tort law).

proof of a duty owed to the one claiming injury and a breach of that duty.

Therefore, in the present case, as in any tort case, the proper mode of analysis is to first consider whether there is a legal theory upon which suit can be brought ... before considering the separate and independent question of whether the [governmental agency] is immune.

*Id.* at 1162 n. 3 (emphasis added); *see also Kirk v. State*, 784 P.2d 1255, 1256 (Utah App.1989) (to reach immunity issue, court must assume duty and negligence).

Based on the preceding authority, Lamarr must establish the City owed him a "special duty." *See Ferree*, 784 P.2d at 151. We conclude Lamarr has failed to establish the City owed him any duty of care beyond that owed the general public. There is no evidence in the record the City had any reason to distinguish Lamarr from the general public. Like the decedent in *Rollins*, Lamarr "had not set himself apart" from the general public such that any special duty arose between himself and the City. In fact, there is no evidence the City had any knowledge whatsoever of either of Lamarr's trips across the overpass.[5]

In summary, we hold the City owed Lamarr no duty of care. Accordingly, the trial court properly granted summary judgment in favor of the City.

## II. SUMMARY JUDGMENT FOR UDOT

UDOT moved for summary judgment on grounds Lamarr failed to file notice of his claim within one year with both UDOT and the Utah Attorney General as required by the waiver provisions of the Utah Governmental Immunity Act, Utah Code Ann. § 63–30–12 (1989). Although the issue was fully briefed, the trial court did not reach the notice issue. Rather, the trial court ruled in favor of UDOT on its proximate cause claim. On appeal, UDOT asserts these alternative grounds upon which we can affirm the trial court's summary judg-

ment: absence of proper notice, proximate cause, or duty of care owed to Lamarr. Because of our resolution of the threshold notice issue, we do not reach the proximate cause and duty issues.

### A. Notice of Claim is Jurisdictional

■ Lamarr first claims the notice issue is not properly before this court. Lamarr asserts the notice issue is an affirmative defense that was not pleaded in the answer, and thus Rule 8(c) of the Utah Rules of Civil Procedure precludes UDOT from raising it in its summary judgment motion and on appeal. Lamarr notes UDOT never mentions the term "notice of claim" in its answer. He further argues UDOT did not request the court to rule on this issue on summary judgment and therefore we cannot consider it on appeal. Lamarr's argument, however, misconstrues the nature of the statutory notice of claim requirement. Lamarr erroneously asserts the notice of claim provision is a statute of limitation. Rather, the supreme court has held the statutory notice requirement is a jurisdictional requirement and a precondition to suit. *See Madsen v. Borthick*, 769 P.2d 245, 250 (Utah 1988).

■ Lack of jurisdiction can be raised at any time by any party or the court. *Olson v. Salt Lake City Sch. Dist.*, 724 P.2d 960, 964 (Utah 1986). Therefore, Lamarr's contention that the notice issue is not properly before this court fails. In fact, Rule 12(h)(2) of the Utah Rules of Civil Procedure *requires* this court to dismiss the claim against UDOT if the trial court lacked jurisdiction.

### B. Notice of Claim Under Section 63–30–12

■ First, Lamarr claims Rule 4(e)(11) of the Utah Rules of Civil Procedure allows him to effect notice by serving only UDOT, and not the attorney general.

---

**5.** This conclusion is also supported by the supreme court's decision in *Little v. Utah State Division of Family Services*, 667 P.2d 49 (Utah 1983). In that case, the court held that once a State agency took custody of an autistic child and placed the child in a foster home, the agen-

cy assumed a duty of due care to the child. *Id.* at 51. It was only after the agency had knowledge of the child's condition and assumed custody of the child, however, that the special relationship arose between the agency and child. *Id.*

Section 63–30–12, however, is more specific than Rule 4 in that the former requires notice on UDOT *and* the attorney general. When two statutory provisions appear to conflict, the more specific provision governs over the more general provision. *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984). Thus, section 63–30–12 is the applicable rule at issue, not Rule 4. To invoke the trial court's jurisdiction over UDOT, Lamarr was required to comply with section 63–30–12, the more specific jurisdictional rule.

Next, Lamarr argues he has "effectively" complied with section 63–30–12 by serving notice only on UDOT. Lamarr points out the attorney general's office had actual notice of Lamarr's claims within the one-year period. Thus, Lamarr argues the intent of the statute was satisfied.

■ In construing section 60–30–12, the supreme court has stated: "Section 63–30–12 provides that an action against the State is barred if the required notice is not filed. It therefore makes failure to give notice grounds for dismissal. A *plain reading* of those sections indicates that no suit against the State may be maintained if notice is not given." *Madsen*, 769 P.2d at 249 (citation omitted) (emphasis added). The importance of *Madsen* for Lamarr's case is the su-

preme court's application of "[a] plain reading" of section 60–30–12. *Id.* The plain language of section 60–30–12 requires notice both to the attorney general and UDOT, and Lamarr admits he never filed notice with the attorney general.[6]

■ Moreover, the supreme court has indicated that actual notice cannot cure a failure to comply with the notice provisions of the Governmental Immunity Act. In *Varoz v. Sevey*, 29 Utah 2d 158, 506 P.2d 435 (1973), the court held a plaintiff's minority did not excuse failure to comply with a statute requiring timely notice of a claim against a county. *Id.*, 506 P.2d at 436.[7] Significantly for the present case, the supreme court held that the county's actual notice of the claim did not satisfy the statute:

> [f]rom the language of the statute it is quite clear that the legislature intended to make the filing of a timely notice of claim prerequisite to maintaining an action.
>
> . . . .
>
> Actual knowledge of the circumstances which resulted in the death of the plaintiff's mother by officials of the county does not dispense with the necessity of filing a timely claim.

6. Recently, in *Kabwasa v. University of Utah*, 785 F.Supp. 1445 (D.Utah 1990) (Memorandum Decision and Order), Judge Green of the United States Court for the District of Utah interpreted section 63–30–12 to require notice to both the attorney general and the agency. A party brought several claims, including state law claims, against the University of Utah. That party, however, failed to comply with section 63–30–12 and gave notice only to the attorney general and not to the University of Utah. The University of Utah claimed the party's failure to comply with section 63–30–12 by giving both the University and attorney general notice deprived the court of jurisdiction. Judge Green ruled:

> The court agrees with the defendants that the plain meaning of section 63–30–12 requires that two notices of claim should have been filed by plaintiff: one to the Attorney General and one to the University of Utah. Although this statutory requirement may result in redundant notice being given, such redundancy apparently is mandated by the statute inasmuch as the Utah Attorney General is the agent and legal counsel for all state agencies, including the University of Utah. In

this pendant state law claim, the court is unwilling to ignore the unambiguous language of the Utah statute requiring two separate notices, especially where the Utah Supreme Court has repeatedly held that strict compliance with the notice of claim provision is essential to maintain a suit pursuant to the Governmental Immunity Act.

*Id.* at 1446–47.

7. We note *Varoz* was impliedly overruled by the enactment of Utah Code Ann. § 78–12–36 (1992) (enacted in 1975 and amended in 1987). That section provides "the time of [a] disability is not a part of the time limited for the commencement of the action." *Id.* In *Scott v. School Board of Granite School District*, 568 P.2d 746 (Utah 1977), the court held this section applies to the notice provisions of the Governmental Immunity Act. *Id.* at 748. Thus, the one-year period for filing notice under section 63–30–12 is tolled for the duration of any legally recognized disability. Section 78–12–36, as interpreted by *Scott*, however, provides Lamarr no support as he has not relied on that section and does not claim a disability prevented him from filing notice with the attorney general.

*Id.*[8]

Requiring written notice to both UDOT and the attorney general is consistent with cases interpreting notice statutes similar to section 60–30–12. For example, *Scarborough v. Granite School District*, 531 P.2d 480 (Utah 1975), involved a companion statute to section 63–30–12, section 63–30–13. Section 63–30–13 is identical to section 63–30–12 except that the former applies to political subdivisions, whereas the latter applies to state agencies. In *Scarborough*, the trial court dismissed a complaint against Granite School District because the plaintiff had not filed notice with the school district and the attorney general. *Id.* at 481. The supreme court, affirming the dismissal, explained:

> The School District is a political subdivision of the state. Therefore it would normally be immune from suit; and the right to sue is an exception created by statute. We have consistently held that where a cause of action is based upon a statute, full compliance with its requirements is a condition precedent to the right to maintain a suit.

*Id.* at 482 (footnotes omitted).

Applying a plain reading, we hold section 63–30–12 required Lamarr to serve written notice of his claim on both UDOT and the attorney general within one year of his injuries. Lamarr failed to serve the attorney general within the specified time, thus depriving the trial court of jurisdiction over Lamarr's claims against UDOT. Accordingly, we affirm the trial court's dismissal of Lamarr's claims against UDOT.

## III. CONCLUSION

We hold the trial court did not err in concluding as a matter of law that the City owed Lamarr no duty of care. Further, we hold Lamarr's failure to comply with the notice provision of the Governmental Immunity Act deprived the trial court of juris-

diction over Lamarr's claims against UDOT.

Accordingly, for the reasons set forth, the judgment of the trial court is affirmed.

JACKSON and RUSSON, JJ., concur.

---

**8.** *See also Edwards v. Iron County ex rel. Valley View Medical Ctr.*, 531 P.2d 476, 477 (Utah 1975) (even if county employees had actual knowledge of plaintiff's injuries, plaintiff cannot dispense with notice requirement); *Lando v. City of Chicago*, 128 Ill.App.3d 597, 83 Ill.Dec. 752, 755, 470 N.E.2d 1172, 1175 (1984) (where required notice was defective, actual notice supplied by third-party (paramedics) did not satisfy statute).