BILL E. FOWLER et al., Plaintiffs, v BENJAMIN ATTENBOROUGH, Defendant and Third-Party Plaintiff-Appellant. HAROLD E. FOWLER et al., Third-Party Defendants-Respondents

The court erred in dismissing the third-party complaint asserted against the infant plaintiff's parents. The basis of the allegation of liability was not negligent supervision of their child *(see, Holodook v Spencer,* 36 NY2d 35), but rather negligent supervision and control over the guests on their premises, some of whom were underage and drinking beer provided by the son of the third-party defendants. " '[A] child * * * has a viable cause of action against its parent[s] based on the parent[s'] negligent act which breaches a duty owed to the world at large' " *(Grivas v Grivas,* 113 AD2d 264, 266, quoting from *Hurst v Titus,* 77 AD2d 157, 158); here, the duty owed is that of supervising and controlling infant guests *(cf. Huyler v Rose,* 88 AD2d 755). Thus, a third-party cause of action for contribution has been sufficiently stated to withstand a motion for summary judgment. Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.