■ SHANE SEMMENS, an Infant, by His Mother and Natural Guardian, DEBORAH BARONE, et al., Appellants, v WINIFRED HOPPER et al., Defendants, and GERALD R. HOPPER, Respondent.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Orange County (Cowhey, J.), dated November 7, 1985, which granted the defendant Gerald R. Hopper's motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is modified by deleting the provisions thereof which granted those branches of the respondent's motion which were for partial summary judgment on the claims in the complaint with the exception of the claims for negligent supervision, and substituting therefor provisions denying those branches of the motion. As so modified, the order is affirmed, without costs or disbursements.

Special Term was correct that a child has no cause of action against a parent for injuries resulting from negligent supervision *(see, Holodook v Spencer,* 36 NY2d 35). However, a question of fact exists as to whether the breach of a duty to exercise reasonable care with respect to the accessibility to a swimming pool, a duty owed separate and apart from the family relationship, was the proximate cause of the infant plaintiff's injuries *(see, Grivas v Grivas,* 113 AD2d 264; *Hurst v Titus,* 77 AD2d 157). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.