ANNMARIE LEEK, an Infant, by Her Mother and Natural Guardian, FRANCES LEEK, et al., Respondents, v DOREEN McGLONE, Respondent, and KENDALL LEEK, Appellant. (Action No. 1.) DOREEN McGLONE et al., Plaintiffs, v ANNMARIE LEEK, an Infant, by Her Mother and Natural Guardian, FRANCES LEEK, et al., Defendants. (Action No. 2.)

While we agree with the defendant Kendall Leek that the allegations contained in the original complaint sounded exclusively in negligent supervision and negligent entrustment, and as such, failed to state a cause of action upon which his injured daughter could recover against him *(see, Nolechek v Gesuale,* 46 NY2d 332; *Holodook v Spencer,* 36 NY2d 35), the Supreme Court, Suffolk County, did not abuse its discretion in permitting the amendment of the complaint under the circumstances presented *(see,* CPLR 3025 [b]; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755).

Moreover, although the amended complaint contains numerous similarly nonactionable allegations regarding negligent supervision and entrustment, we find that a viable cause of action is stated solely by the allegation that the injuries were caused by Kendall Leek's negligence in providing a minibike with defective brakes to his injured daughter. Only this alle-

gation premises liability upon an alleged breach of duty to the world-at-large based on the defective nature of the minibike itself rather than upon the breach of a duty which arises solely from the familial relationship of the parties *(see, Grivas v Grivas,* 113 AD2d 264; *Lynch v Lynch,* 88 AD2d 972; *Hurst v Titus,* 77 AD2d 157). Accordingly, denial of the motion to dismiss the complaint and cross claim in action No. 1 was warranted for this reason *(see generally, Semmens v Hopper,* 128 AD2d 767; *Fowler v Attenborough,* 124 AD2d 780). Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.