235 N.J. Super. 604 (1989)
563 A.2d 881
TINA A. MORELLA, PLAINTIFF-APPELLANT
v.
JOSEPH E. MACHU, JR., JOSEPH MACHU, MARK KAMATOY AND EDUARDO KAMATOY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1989.
Decided September 11, 1989.
*605 Before Judges KING, ASHBEY and SKILLMAN.
Michael D. Schottland, argued the cause for appellants (Chamlin, Schottland, Rosen, Cavanagh & Uliano, attorneys; Charles A. Costanzo and Vincent P. Manning, on the brief).
John Haschak, III, argued the cause for respondents (Leary, Bride, Tinker & Moran, attorneys).
The opinion of the court was delivered by KING, P.J.A.D
*606 This case presents the question of whether parents who leave teenage children under poorly supervised circumstances where drinking parties are likely to occur in their absence may be liable for damages caused by an intoxicated underage partygoer who injures innocent victims while driving after the party. We conclude that parents may be liable under common-law principles of negligence, agency, proximate cause and foreseeability if they leave their teenagers in circumstances where improper supervision while they are absent from the home is likely to lead to social gatherings where alcohol is consumed by underage drinkers who then drive and cause injuries to innocent victims.
The Law Division judge granted a summary judgment in favor of defendants Eduardo Kamatoy and Maria Kamatoy, homeowners and parents of teenagers, on the ground that no legal duty existed under the circumstances. We return the matter to the Law Division for trial on the traditional issues of common-law negligence, agency,[1] foreseeability and proximate cause. We conclude that the parents had a legal duty to see that their children were properly supervised in their absence. If their teenagers were not left with proper supervision and that failure resulted in reasonably foreseeable injuries to others, the parents must respond in damages for the consequences of their oversight.
In this case we have, as did the Law Division judge, only the "barebones" allegations in the record before us. The plaintiff, Tina Morella, filed a civil action in which she claimed that on March 1, 1986 at about 1 a.m. she was a passenger in a car *607 operated by Donna DeVingo. The DeVingo car was involved in an accident with a car driven by 18-year old Joseph Machu in Freehold, Monmouth County. The legal drinking age in New Jersey is 21. Machu had been in attendance at a party at the Kamatoy home in Freehold earlier in the evening and was concededly intoxicated at the time of the accident.
Plaintiff Morella claimed that defendant Eduardo Kamatoy and Marie Kamatoy, his spouse, owned a home at 92 Adams Place in Freehold where they had left their three sons, ages 17, 16 and 14 under the supervision of 20-year old Paul Borromeo while they vacationed in the Bahamas for a few days. Borromeo had been hired and paid by the Kamatoys to see that all went well in their absence. The plaintiff also sued Mark Kamatoy, the 17-year old son of the Kamatoys, and Borromeo, the teenagers' alleged live-in supervisor. These two defendants also prevailed on summary judgment. Plaintiff has settled her claims against her host driver, DeVingo, and the intoxicated driver, Machu.
From the record before us, which includes depositions of the principals, we deduce that plaintiff would attempt, if permitted, to show a jury that on Friday evening, February 28, 1986, a spontaneous, "open party" developed at the Kamatoy house. The party apparently developed while Borromeo was out for the earlier part of the evening. The revelers, all teenagers, numbered somewhere between 17 and 50, according to the several estimates. There was both bottled and kegged beer at this "bring your own" party. When Borromeo returned at 11:30 p.m. he saw the party in progress and seems simply to have gone upstairs to watch television. The record contains no evidence that Borromeo did anything to either prevent or break up the party. Borromeo and the Kamatoy boys had been specifically instructed by the Kamatoy parents that there were to be no drinking parties in the house while the Kamatoys were gone.
*608 Machu had been driven to and from the party by one of his friends. After they both had returned to his friend's home, Machu got into his own car and drove off. At about 1 a.m., while admittedly intoxicated, Machu caused the accident in which plaintiff was hurt.
We conclude that if plaintiff can prove these general factual allegations, a jury case has been made out against the parents, Eduardo and Marie Kamatoy. A jury could weigh the evidence and decide if the Kamatoy parents or their agents exercised reasonable care in the circumstance in providing for the supervision of their teenage sons in their absence, if the consumption of alcohol in their home by improperly supervised teenagers was reasonably foreseeable in their absence, and if the negligent operation of a motor vehicle by an intoxicated teenage social guest was a reasonably foreseeable proximate consequence of any breach of duty of supervision.
We have recently reviewed the history of common-law liability for permitting minors to obtain intoxicating beverages. See Finney v. Ren-Bar, Inc., 229 N.J. Super. 295 (App.Div. 1988), a case where a minor obtained alcoholic beverages from an alcoholic beverage licensee and then, while under the influence, carelessly started a house fire causing four deaths. We observed there that:
Our review of the precedents respecting alcohol persuades us, as it did the trial judge, that foreseeability has been extended in cases involving a duty not to serve liquor to minors. Recently in Thompson v. Victor's Liquor Store, Inc., 216 N.J. Super. 202 (App.Div. 1987), a minor purchased a pint of whiskey and two six-packs of beer. The minor was not injured and he injured no one. He shared the liquor with his underage friends, one of whom injured himself. We found this result a foreseeable event, saying,
Where reasonable persons could differ, however, the issue is not one to be determined by the court; it must be left for the jury. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, [17 N.J. 67, at 74-75 1955]. [Thompson v. Victor's Liquor Store, Inc., supra, 216 N.J. Super. at 207.]
The liability of a person controlling alcohol and serving it to minors has historically preceded and even exceeded that respecting service of alcohol to adults. In 1959 the Court in Rappaport [v. Nichols, 31 N.J. 188 1959] noted that our State has long-recognized the policy of opposing drinking by minors. See N.J.S.A. 33:1-81; N.J.S.A. 9:17B-1; N.J.A.C. 13:2-23.1(a); *609 Alcoholic Bev. Cont. v. H & H Wine, 216 N.J. Super. 532, 534 (App.Div. 1987). In Linn v. Rand, 140 N.J. Super. 212 (App.Div. 1976), liability was imposed on a social host for damages to others caused by serving alcohol to a minor. This was long before social hosts were held liable for serving intoxicated adults. Kelly v. Gwinnell, 96 N.J. 538 (1984). The relevant principles of Rappaport have been reinforced over the years.[3] [Id. at 301-302]
[Footnote in original.][3] By L. 1987, c. 152, approved June 25, 1987, the civil duty of care owed by licensees to individuals under the legal age to consume alcohol was codified as follows. "A licensed alcoholic beverage server shall be deemed to have been negligent only when the server served a visibly intoxicated person, or served a minor, under circumstances where the server knew, or reasonably should have known, that the person served was a minor [defined by statute as a person under legal age to purchase and consume alcohol]" N.J.S.A. 2A:22A-5b (emphasis added). This 1987 law is, of course, not applicable to this case.
Recently enacted "social host" legislation strongly suggests that principles of liability for permitting minors to obtain alcoholic beverages is a subject for common-law development by the courts. The most recent legislation only sets the standards for the liability of social hosts "to a person who has attained the legal age." N.J.S.A. 2A:15-5.5 to -5.8; L. 1987, c. 404, effective date 1-14-88. The legislation was "not intended to affect the current law regarding social hosts who serve individuals under the legal age to purchase and consume alcoholic beverages." See Governor's Reconsideration and Recommendation Statement, Senate Committee Substitute for Senate Bills Nos. 1152 and 545  L. 1987, c. 404. See also Batten by Batten v. Bobo, 218 N.J. Super. 589, 593 (Law Div. 1986) (intoxicated minor guest may sue social host and parents); Figuly v. Knoll, 185 N.J. Super. 477 (Law Div. 1982) (expanding on Linn v. Rand and anticipating Kelly v. Gwinnell).
Further expression of recent legislative policy on the subject is found in N.J.S.A. 2C:33-17; L. 1985, c. 311, § 1, effective date August 28, 1985, which states that "[a]nyone who purposely or knowingly offers or serves or makes available an alcoholic beverage to a person under the legal age for consuming alcoholic beverages or entices that person to drink an alcoholic beverage is a disorderly person." The "Introductory Statement" to the Senate Bill said: "The purpose of this bill is to *610 discourage drinking by persons under the legal age to consume alcoholic beverages by placing more responsibility on adults." The sanctions are six months in jail, a $1,000 fine or both. Narrow exemptions exclude only situations where a minor is in the physical presence of a parent or legal guardian.[2]
We conclude that rational development of the common law in light of this declared legislative policy requires parents to arrange for proper supervision of their teenagers when they are away from the home for a period of time during which spontaneous parties featuring alcoholic beverages are reasonably foreseeable. In default of the exercise of due care, they must answer in damages caused to innocent persons. See Macleary v. Hines, 817 F.2d 1081 (3rd Cir.1987); Mitseff v. Wheeler, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988); Koback v. Crook, 123 Wis.2d 259, 366 N.W.2d 857 (1985), and Congini v. Portersville Valve Co., 504 Pa. 157, 470 A.2d 515 (1983), all of which adopt the legislative standard of conduct relating to underage consumption of alcohol as applicable to tort liability. See Restatement, Torts, 2d § 286 at 25 (1965). Cf., Thomas v. Romeis, 234 N.J. Super. 364 (App.Div. 1989) (concerning serving of liquor to minors before the 1985 Act took effect).
*611 Our approach to this case is guided by the principles expressed by Justice Clifford in Hill v. Yaskin, 75 N.J. 139, 142-143 (1977), that "[w]hat the issue before us comes down to is whether there was a duty owed to plaintiff by either defendant or both of them." In this circumstance "[o]ur approach to this question is taken with an abiding awareness that summary dispositions should be upheld only where there exists no issues of material fact, Judson v. Peoples Bank & Trust Co., 17 N.J. 67, 74 (1954), and that all legitimate inferences must be drawn in favor of the party resisting the motion  here, the plaintiff." Ibid.
We conclude that the Kamatoys as parents or their agents had a duty to the public to exercise reasonable care to arrange for competent supervision of their teenagers while they were out of the state on vacation. If they failed to do so, and if that breach of duty was the reasonably foreseeable proximate cause of plaintiff's injuries, they must respond in damages. Fairness and public policy require nothing less. See Kelly v. Gwinnell, 96 N.J. 538, 544 (1984). See also Fowler v. Attenborough, 124 A.D.2d 780, 508 N.Y.S.2d 499, 500 (App.Div. 1986) (actionable claim for negligent supervision and control over guests on defendants' premises, some of whom were underage and drinking beer provided by son of defendants).
The summary judgment in favor of the remaining defendants, including Mark Kamatoy and Paul Borromeo,[3] is reversed and the case is remanded for further proceedings.
NOTES
[1] Plaintiff could, for example, attempt to show that the Kamatoy parents' agent acted negligently while within the scope of his employment. The Kamatoys could attempt to show that their agent deviated from the scope of his employment or that reasonable minds could differ on the point. See Gilborges v. Wallace, 78 N.J. 342, 351-352 (1978); Restatement, Agency 2d § 228 to § 236 at 504-524 (1978).
[2] N.J.S.A. 2C:33-17, L. 1985, c. 311, § 1, eff. August 28, 1985, states:

Anyone who purposely or knowingly offers or serves or makes available an alcoholic beverage to a person under the legal age for consuming alcoholic beverages or entices that person to drink an alcoholic beverage is a disorderly person. This section shall not apply to a guardian or to a first cousin or closer relative by blood, marriage or adoption of the person under legal age for consuming alcoholic beverages if the guardian or relative is of the legal age to consume alcoholic beverages or to a religious observance, ceremony or rite. This section shall also not apply to any person in his home who is of the legal age to consume alcoholic beverages who offers or serves or makes available an alcoholic beverage to a person under the legal age for consuming alcoholic beverages or entices that person to drink an alcoholic beverage in the presence of and with the permission of the guardian or first cousin or closer relative by blood, marriage or adoption of the person under the legal age for consuming alcoholic beverages if the guardian or relative is of the legal age to consume alcoholic beverages.
[3] Neither Mark Kamatoy nor Paul Borromeo had the "right to purchase and consume alcoholic beverages" on the date in question. N.J.S.A. 9:17B-1b. However, while a person may be a minor for the purpose of purchasing alcoholic beverages, he may be an adult with respect to "basic civil and contractual rights and obligations," including the right to "sue, be sued and defend civil actions...." N.J.S.A. 9:17B-1(a). For the duty of care owed by minors, see Goss v. Allen, 70 N.J. 442, 449 (1976); Thomas v. Romeis, 234 N.J. Super. 364, 373-74 (App.Div. 1989).