M. Dalton CANNON and Patricia Cannon, Plaintiffs and Appellants,

v.

The UNIVERSITY OF UTAH, Defendant and Appellee.

No. 920377–CA.

Court of Appeals of Utah.

Dec. 7, 1993.

---

Michael F. Richman and John W. Andrews, Salt Lake City, for plaintiffs and appellants.

Jan Graham and Brent A. Burnett, Salt Lake City, for defendant and appellee.

Before BENCH, JACKSON and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

The Cannons appeal from the trial court's entry of summary judgment in favor of the University of Utah in a tort action arising out an automobile accident. We affirm.

## FACTS

On review of a grant of summary judgment, "we view the facts, and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Higgins v. Salt Lake County,* 855 P.2d 231, 233 (Utah 1993) (citations omitted). We recite the facts accordingly. *See id.*

At approximately 7:00 p.m. on February 1, 1990, a vehicle driven by Melissa K. Austin struck M. Dalton Cannon and his wife, Patricia Cannon, while they were walking in a crosswalk across South Campus Drive on their way to a University of Utah basketball game at the Huntsman Center.

The Cannons had parked in a University parking lot on the south side of South Campus Drive and were proceeding north across South Campus Drive when the accident occurred. South Campus Drive is a state-owned road maintained by the Utah State Department of Transportation; the University of Utah has no responsibility for its maintenance. However, both the parking lot to the south of South Campus Drive and the Huntsman Center to the north are University property.

On the evening in question, the University had assigned two police officers to the crosswalk to assist in controlling traffic. It had been raining and snowing intermittently, and the officers, upon arriving at the crosswalk at 6:30 p.m., had marked the crosswalk with flares. By 7:00 p.m., the flares had burned out, and the two officers were sitting in their patrol car. When the Cannons approached the crosswalk on foot, they did not observe the police officers. They proceeded across South Campus Drive and were struck by a westbound vehicle driven by Austin.

The Cannons sued Austin and the University, claiming that their injuries resulted

from the negligent conduct of both Austin and the two University police officers who were assigned to assist in controlling traffic at the crosswalk.[1] Specifically, the Cannons claimed that the officers were negligent in the manner in which they assisted or failed to assist pedestrians using the crosswalk in question.

The University moved for summary judgment, arguing that: (1) it owed no duty of care to the Cannons; and (2) negligent conduct, if any, on the part of the officers was not a proximate cause of the Cannons' injuries. Following a hearing on the University's motion, the trial court entered summary judgment in favor of the University, concluding that, under the public duty doctrine, the officers owed no duty of care to the Cannons.

The Cannons appeal, challenging the trial court's conclusion that the University did not owe them a duty of care.[2]

## STANDARD OF REVIEW

■ A trial court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *accord Higgins,* 855 P.2d at 235; *Lamarr v. Utah State Dep't of Transp.,* 828 P.2d 535, 537 (Utah App.1992). On appeal from a summary judgment, we resolve only legal issues and, therefore, do not defer to the trial court's rulings. *Ferree v. State,* 784 P.2d 149, 151 (Utah 1989); *accord Higgins,* 855 P.2d at 235; *Lamarr,* 828 P.2d at 537. Thus, "[w]e determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact." *Ferree,* 784 P.2d at 151 (citing *Bushnell Real Estate, Inc. v. Nielson,* 672 P.2d 746, 749 (Utah 1983); *Bowen v. Riverton City,* 656 P.2d 434, 436 (Utah 1982)).

## ANALYSIS

■ It is well settled that in order to recover under a negligence claim, a plaintiff must establish that "the defendant owed the plaintiff a duty, defendant breached the duty (negligence), the breach of the duty was the proximate cause of plaintiff's injury, and there was in fact injury." *Lamarr,* 828 P.2d at 537. Thus, the Cannons must show that the University owed them a duty of care. *Ferree,* 784 P.2d at 151; *accord Lamarr,* 828 P.2d at 537. A duty of care arises when "the defendant is under any obligation for the benefit of a particular plaintiff." *Ferree,* 784 P.2d at 151 (quoting W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 53, at 356–57 (5th ed. 1984)). Absent a showing of duty or obligation, the Cannons' claim against the University cannot succeed. *Rollins v. Petersen,* 813 P.2d 1156, 1159 (Utah 1991).

The University asserts that the public duty doctrine bars the Cannons' cause of action because the police officers owed no specific duty of care to the Cannons which was not already owed to the general public. The Cannons argue that the public duty doctrine does not bar their cause of action, claiming that the University owed them a special duty of care because (1) they were business invitees of the University, or alternatively, (2) the risk of harm from the police officers' conduct was to a clearly identifiable group to which the Cannons belonged, pedestrians en route to a University-sponsored basketball game.

■ Under the public duty doctrine, "a duty to all is a duty to none." *Lamarr,* 828 P.2d at 538 (quoting *Rollins,* 813 P.2d at 1165 (Durham, J., concurring in part and dissenting in part)). Defined more precisely, the doctrine provides:

> For a governmental agency and its agents to be liable for negligently caused

---

1. Prior to entry of summary judgment in this case, the Cannons settled their claims with Austin, and the trial court dismissed those claims with prejudice.

2. The Cannons also argue that the trial court erred in relying on disputed material facts relating to the proximate cause of the injuries and in

striking the affidavits of M. Dalton Cannon and his safety expert as untimely under Utah Rules of Civil Procedure 6(d) and 56(e). However, because of our resolution of the duty issue, we do not reach these arguments. *See Lamarr v. Utah State Dep't of Transp.,* 828 P.2d 535, 537 (Utah App.1992).

injury suffered by a member of the public, the plaintiff must show a breach of a duty owed him as an individual, not merely the breach of an obligation owed to the general public at large by the government official. *Ferree,* 784 P.2d at 151 (citing *Obray v. Malmberg,* 26 Utah 2d 17, 19, 484 P.2d 160, 162 (1971)); *accord Lamarr,* 828 P.2d at 538–39. In other words, when the government deals generally with the welfare of all, it does so without a duty to anyone, unless there is a "special relationship" between the government and the individual. *Higgins,* 855 P.2d at 236. Absent such a doctrine, the government would be discouraged from adequately providing any general protections or services for the public. *Id.* at 237.

Thus, to establish a negligence claim against the University, the Cannons must show that the University breached a duty owed specifically to them as individuals, rather than a duty owed to the public at large, or that a "special relationship" existed between them and the University. If the University owed no duty to the Cannons, apart from its duty to the general public, the Cannons cannot recover. *See Lamarr,* 828 P.2d at 539.

We first address the Cannons' claim that the University owed them a special duty because they were business invitees of the University. Specifically, the Cannons assert that because they were on their way to a University-sponsored event, a basketball game, they were business invitees of the University at the time of the accident. The University responds that the business invitee doctrine does not apply because the Cannons' injuries did not occur on University property.

■ With respect to business invitees, "the landowner has a comparatively high degree of care to assure their safety." *Stevens v. Salt Lake County,* 25 Utah 2d 168, 478 P.2d 496, 498 (Utah 1970) (footnote omitted). However, in order to be classified as a business invitee, one must be on the premises of the owner at the owner's invitation. *See id.* In other words, to be a business invitee, one must not only be an invitee, but must also be *on* the premises of the defendant.

■ In the case at bar, the accident in question occurred in the middle of South Campus Drive. The Cannons admit that the street is not University property, but rather a public street owned by the State and maintained by the Utah State Department of Transportation. Accordingly, because the Cannons were not on University property when the accident occurred, they were not business invitees of the University at that time.

We next address the Cannons' argument that the public duty doctrine does not bar their cause of action since the University owed them a special duty of care because they were part of a clearly identifiable group, pedestrians going to a University-sponsored basketball game. The University responds that the Cannons were merely part of the general public, not members of an identifiable group, and thus, under the public duty doctrine, a specific duty does not attach to the University.

"Determining whether one party has an affirmative duty to protect another ... requires a careful consideration of the consequences for the parties and society at large." *Beach v. University of Utah,* 726 P.2d 413, 418 (Utah 1986); *accord Rollins,* 813 P.2d at 1160. Indeed,

> [b]efore any duty is imposed to protect others from bodily harm caused by one under the control of the state, the "others" to whom such bodily harm is "likely" and in favor of whom the duty arises must be reasonably identifiable by [the State] either individually or as members of a distinct group.

*Rollins,* 813 P.2d at 1162.

■ In the case at bar, the police officers' duty, to enforce the traffic laws and ensure the safety of pedestrian travel, was a general duty owed to the public at large, not to any distinct group. Neither the Cannons nor the University did anything to set apart the Cannons, or others going to the basketball game, from the general public. The service provided by the officers was the same for all pedestrians using the crosswalk, whether they were traveling north or south. Further, the officers did not distinguish between those pedestrians on their way to attend the basketball game and any other pedestrians. Ad-

ditionally, it is important to note that the Cannons did not rely on the aid of the officers when they attempted to cross the street. Thus, the officers did not owe any specific duty to the Cannons which they did not already owe to the general public. Accordingly, since there was no special relationship between the Cannons and the University, under the public duty doctrine, the University cannot be held liable for the Cannons' injuries, and the trial court correctly entered summary judgment for the University.[3]

## CONCLUSION

We hold that the trial court was correct in concluding that, based on the public duty doctrine, the University owed no duty to the Cannons. Accordingly, we affirm.

BENCH and JACKSON, JJ., concur.

---

**3.** Moreover, to adopt the Cannons' theory that they were part of a distinct group of pedestrians on their way to a basketball game would impose too broad a duty on the University and its police officers. It would expose the University to liability to every person injured in any accident that occurs while on the way to any University event. In the face of such exposure, the likely result would be for the University to stop providing any sort of traffic enforcement. Thus, the public interest would not be served by imposing liability on the University and its police officers in this case.