Christine DRYSDALE on Behalf of her minor son, Shane STRONG, Plaintiff and Appellant,

v.

Billy J. ROGERS; Harvey Rogers and JoAnn Rogers; and John Does 1–5, Defendants and Appellees.

No. 920648–CA.

Court of Appeals of Utah.

Jan. 25, 1994.

Before GREENWOOD, ORME and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Christine Drysdale appeals from the trial court's entry of summary judgment in favor of Harvey and JoAnn Rogers. We affirm.

## FACTS

"On review of a grant of summary judgment, 'we view the facts, and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.'" *Cannon v. University of Utah*, 866 P.2d 586, 587 (Utah App.1993) (quoting *Higgins v. Salt Lake County*, 855 P.2d 231, 233 (Utah 1993)). We recite the facts accordingly.

At about 3:30 a.m. on July 9, 1989, Billy Rogers, age nineteen, was involved in an automobile accident wherein his vehicle struck a tree, causing injuries to Shane Strong, a passenger in the vehicle at that time.

Two days earlier, Billy Rogers's parents, Harvey and JoAnn Rogers, had gone to the State of Washington, leaving their nineteen-year-old son alone at their home.[1] Billy Rogers, who had a history of alcohol and drug use, was specifically instructed by his mother not to have friends over and not to drink while his parents were gone. He had received similar instructions on other occasions

---

1. The parties dispute whether Billy Rogers, who had been living away from home prior to this point in time, was living at home or was just staying there while his parents were away. However, since this fact is not material to the resolution of this matter, this dispute does not by itself preclude a grant of summary judgment.

and had disobeyed them. On this occasion, Strong was also present during this conversation and heard Mrs. Rogers's directions.

On the evening of July 8, 1989, in direct disregard of his mother's instructions, Billy Rogers had a party at which he, Strong, and others became intoxicated. At some point during the party, Strong went out to Billy Rogers's car and fell asleep. Some time later that evening, Billy Rogers decided to take a friend for a drive in his car. When returning to the party after dropping off the friend at his home, Billy Rogers's vehicle struck a tree, thereby causing injuries to Strong.

Strong's mother, Christine Drysdale, brought this suit on her minor son's behalf against Billy Rogers, his parents, and several others. She alleged that Mr. and Mrs. Rogers were negligent in leaving their son alone at their home where alcohol was present, knowing that he had previously used drugs and alcohol in direct disregard of their orders not to do so. Mr. and Mrs. Rogers filed a motion for summary judgment, claiming that they owed no duty of care to Strong, and therefore could not be held liable for his injuries. The trial court granted Mr. and Mrs. Rogers's motion.

Drysdale appeals, arguing that the trial court erred in concluding that under the facts of this case, Mr. and Mrs. Rogers owed no duty to Strong.

## STANDARD OF REVIEW

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993); *Cannon v. University of Utah*, 866 P.2d 586, 588 (Utah App.1993). "On appeal from a summary judgment, we resolve only legal issues and, therefore, do not defer to the trial court's rulings." *Cannon*, 866 P.2d at 588; *accord Higgins*, 855 P.2d at 235. Thus, we determine only "whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact." *Ferree v. State*, 784 P.2d 149, 151

(Utah 1989); *accord Cannon*, 866 P.2d at 588.

## ANALYSIS

Drysdale asserts that the trial court erred in concluding that Mr. and Mrs. Rogers owed no duty to Strong and in granting summary judgment on that basis. Specifically, she argues that Mr. and Mrs. Rogers had a duty to protect Strong from the actions of their adult son, Billy Rogers, arguing that they were negligent in leaving him alone at their home where alcohol was present, knowing that he had previously used drugs and alcohol in disregard of their orders not to do so. Mr. and Mrs. Rogers respond that since they owed no duty of care to Strong, they can not be held liable for his injuries.

In order to recover under a negligence claim, a plaintiff must establish that "the defendant owed the plaintiff a duty, defendant breached the duty (negligence), the breach of the duty was the proximate cause of plaintiff's injury, and there was in fact injury." *Lamarr v. Utah State Dep't of Transp.*, 828 P.2d 535, 537 (Utah App.1992). Thus, Drysdale must show that Mr. and Mrs. Rogers owed Strong a duty of care. *See Ferree v. State*, 784 P.2d 149, 151 (Utah 1989); *Lamarr*, 828 P.2d at 537. A duty of care arises when "the defendant is under any obligation for the benefit of a particular plaintiff." *Ferree*, 784 P.2d at 151 (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 53, at 356–57 (5th ed.1984)). Absent a showing of duty or obligation to Strong, Drysdale's claim against Mr. and Mrs. Rogers cannot succeed. *See Rollins v. Petersen*, 813 P.2d 1156, 1159 (Utah 1991); *Lamarr*, 828 P.2d at 537–38.

"Determining whether a party has an affirmative duty to protect another ... requires a careful consideration of the consequences for the parties and society at large." *Beach v. University of Utah*, 726 P.2d 413, 418 (Utah 1986); *accord Rollins*, 813 P.2d at 1160. On this point, the Utah Supreme Court has acknowledged that the "special relation" analysis found in sections 314 through 320 of the Restatement of Torts is generally applicable in Utah. *Rollins*, 813 P.2d at 1159 (citing Restatement (Second) of Torts §§ 314–320

(1965)). Section 315 sets out the tort principle that one generally does not have a duty to control the conduct of third persons, and then enumerates the following two exceptions to this general rule:

> First, if "a special relation exists between the actor and the third person," then the actor has a duty to "control the third person's conduct." Second, if "a special relation exists between the actor" and the plaintiff, the plaintiff has "a right to [the actor's] protection," presumably against harm from third persons.

*Id.* (quoting Restatement (Second) of Torts § 315 (1965)).

In applying the Restatement's "special relation" analysis, the Utah Supreme Court has consistently taken "a policy-based approach in determining whether a special relation should be said to exist and consequently whether a duty is owed." *Higgins v. Salt Lake County,* 855 P.2d 231, 236 (Utah 1993); *accord Rollins,* 813 P.2d at 1161; *Ferree,* 784 P.2d at 151–52; *Beach,* 726 P.2d at 415. Thus, "in determining the existence of the duty, we examine such factors as the identity and character of the actor, the victim, and the victimizer, the relationship of the actor to the victim and the victimizer, and the practical impact that finding a special relationship would have." *Higgins,* 855 P.2d at 237.

■ We first address the identity and character of Mr. and Mrs. Rogers. While it is true that they owned the home where the party was held, they certainly can not be deemed to be social hosts. *See Alioto v. Marnell,* 402 Mass. 36, 520 N.E.2d 1284, 1286 (1988) (holding that "[t]he fortuity of [an adult child] living at [the parents'] home does not create a duty where none otherwise exists"). This is especially true inasmuch as they specifically forbade Billy Rogers to have any friends over while they were gone or to consume any alcohol whatsoever. Billy Rogers is an adult and, consequently, is responsible for his own actions. Lastly, Strong, the "victim" of Billy Rogers's actions, is a friend of Billy Rogers who attended the unauthorized drinking party at the Rogers's home and who, by his own testimony, was personally aware that the party was specifically forbidden by Billy Rogers's parents.

An examination of the relationship of the "actor" and the "victim" reveals that no special relationship can be said to exist between Mr. and Mrs. Rogers and Strong, and neither party claims that one exists. As to the relationship between Mr. and Mrs. Rogers and Billy Rogers, while they are his parents, he is their *adult* child. The fact that Billy Rogers is a non-minor is a critical factor in this analysis. *See, e.g.,* Restatement (Second) of Torts § 316 (1965) (stating that "[a] parent is under a duty to exercise reasonable care so to control his *minor* child" (emphasis added).); *Alioto,* 520 N.E.2d at 1286 (holding that one's status as a parent does not, without more, impose upon that person a duty to supervise and control one's adult child); *Reinert v. Dolezel,* 147 Mich.App. 149, 383 N.W.2d 148, 151 (1985) (parents' duty to control child ends when child becomes an adult). Moreover, not only did Mr. and Mrs. Rogers not offer Billy Rogers alcohol nor authorize him to use it or give it to others, but in fact, they left specific instructions to the contrary. *See Walker v. Kennedy,* 338 N.W.2d 254, 255 (Minn.1983) (in order to be liable, guest must be given or furnished alcoholic beverages by person from whom recovery is sought). In such circumstances, it can not be said that Mr. and Mrs. Rogers knew, or should have known, that Billy Rogers would present a danger to Strong or someone similarly situated.

■ Furthermore, to find a special relationship between Mr. and Mrs. Rogers and Strong, and a corresponding duty, under the circumstances present here, would lead to an unprecedented imposition of duty on parents. Parents often struggle with the issue of supervising their children through instruction, example, and other means. And the struggle to control the behavior of one's child becomes even more difficult as the child attains adulthood. To place a duty on parents to control their adult child's behavior is plainly contrary to the Restatement's general principle that one does not have a duty to control the conduct of third persons. Moreover, in this case, because Mr. and Mrs. Rogers took no affirmative actions that led to Strong's injuries, liability for failure to protect a third party should not be imposed. *See generally*

*State v. Souza*, 846 P.2d 1313, 1319 (Utah App.1993) (stating that an affirmative act is necessary to meet the Utah definition of "furnish or supply" under Utah Code Ann. § 32A–12–203 (1991)). Accordingly, since we will only find "a special relationship and consequent duty when a defendant knew of the likely danger to an individual or distinct group of individuals or when a defendant should have known of such danger," *Higgins*, 855 P.2d at 240, the trial court did not err in concluding that Mr. and Mrs. Rogers owed no duty to Strong.[2]

## CONCLUSION

The trial court properly granted summary judgment in favor of Harvey and JoAnn Rogers. Accordingly, we affirm.

GREENWOOD and ORME, JJ., concur.

**2.** Lastly, the cases from other jurisdictions that Drysdale relies upon are inapplicable to the case at bar. For instance, *Dortman v. Lester*, 380 Mich. 80, 155 N.W.2d 846 (1968), involves parents' liability for a minor son's traffic accident under Restatement (Second) of Torts § 316 (1965), a section which is clearly inapplicable to the present case because Billy Rogers is not a minor. Similarly, *Morella v. Machu*, 235 N.J.Super. 604, 563 A.2d 881 (1989), involves parents' duty to control their minor children. Additionally, *Macleary v. Hines*, 817 F.2d 1081 (3d Cir. 1987), addresses the liability of a social host, a role which cannot be ascribed to Mr. and Mrs. Rogers, in light of the fact that not only did they not host this party, but they specifically forbade that it take place. Finally, *Ackley v. Chicago & North Western Transportation Co.*, 820 F.2d 263 (8th Cir.1987), and *Gariup Construction Co., Inc. v. Foster*, 519 N.E.2d 1224 (Ind.1988), both concern employer liability, which is plainly not at issue here.