■ HARRY HOPPE, IV, an Infant, by His Mother and Natural Guardian, CARLA WHELAN, et al., Respondents, v HARRY HOPPE, III, Also Known as HARRY HOPPE, JR., Appellant. [724 NYS2d 65] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 5, 2000, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff was entrusted by his father, the defendant herein, with a hammer and a container of nails which contained an "explosive nail gun cartridge." He was injured when he struck the cartridge with the hammer, causing the

cartridge to explode. Contrary to the defendant's contentions, the Supreme Court correctly denied his motion for summary judgment dismissing the complaint. While a child may not sue a parent for negligent supervision (*see, Holodook v Spencer,* 36 NY2d 35), the infant plaintiff possesses a cognizable claim that his injuries were proximately caused by the defendant's alleged breach of a duty of care owed to the world at large, one that exists outside of, and apart from, a family relationship (*see, Lęek v McGlone,* 140 AD2d 413; *Semmens v Hopper,* 128 AD2d 767; *Grivas v Grivas,* 113 AD2d 264; *Hurst v Titus,* 77 AD2d 157; *Goedkoop v Ward Pavement Corp.,* 51 AD2d 542). "The duty not to negligently maintain explosives is a duty owed to all and is not simply a duty emanating from the parent-child relationship" (*Goedkoop v Ward Pavement Corp., supra,* at 543). Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.