2004 UT App 56

**James WEBB, Plaintiff and Appellant,**

v.

**UNIVERSITY OF UTAH, a division of the State of Utah; Park Plaza Condominium Owners' Association, a Utah nonprofit corporation; and Jonette Webster, Defendants and Appellee.**

No. 20020985–CA.

Court of Appeals of Utah.

March 11, 2004.

Brent Gordon, Driggs Bills & Day, PC, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., Sandra L. Steinvoort, and Nancy L. Kemp, asst. atty. gen., Salt Lake City, for Appellee.

Before BILLINGS, P.J., BENCH, Associate P.J., and THORNE, Jr., J.

## OPINION

BILLINGS, Presiding Judge.

¶ 1 James Webb appeals the trial court's order granting the University of Utah's (University) motion to dismiss pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure. We reverse and remand.

## BACKGROUND [1]

¶ 2 Webb was a student in an earth science course at the University. As part of the course curriculum, students were required to attend an off-campus field trip to examine fault lines in the Salt Lake County area. During the trip, Webb and other students were directed to walk through a condominium complex to examine a particular fault line. The sidewalks within this private residential property were covered with snow and ice, and as Webb and others walked on the sidewalks toward the viewing area, one of Webb's fellow students lost her footing on the slippery surface. To steady herself, she grabbed onto Webb for support and caused Webb to slip on the ice, fall to the ground, and sustain injuries.

¶ 3 Webb filed suit against the University and others, alleging that the University was negligent by directing students into a "dangerous area" on a school-organized field trip. The University moved to dismiss, arguing that no special relationship existed between Webb and the University that gave rise to a duty on the part of the University. The trial court agreed and dismissed Webb's claims against the University on that ground alone. Webb appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Webb contends that the trial court erred by dismissing his claims against the University when it concluded that the University owed Webb no duty. A rule 12(b)(6) motion to dismiss "is appropriate only where it clearly appears that the plaintiff ... would not be entitled to relief under the facts alleged or under any state of facts [the plaintiff] could prove to support the[ ] claim." *Prows v. State*, 822 P.2d 764, 766 (Utah 1991). "Because the propriety of a 12(b)(6) dismissal is a question of law, we give the trial court's ruling no deference and

---

1. "When determining whether a trial court properly granted a rule 12(b)(6) motion to dismiss, we accept the factual allegations in the complaint as true and consider them and all reasonable inferences to be drawn from them in a light most favorable to the plaintiff." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991). We state the facts of this case accordingly.

review it under a correctness standard." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991). "The issue of whether a duty exists is entirely a question of law to be determined by the court." *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989).

## ANALYSIS

¶ 5 "[T]o prevail upon a negligence claim under Utah law, a plaintiff must establish, among other things, that the defendant owed him or her a duty of care." *Young v. Salt Lake City Sch. Dist.*, 2002 UT 64, ¶ 12, 52 P.3d 1230. Webb characterizes the University's duty of care as a duty to exercise ordinary and reasonable care when directing its students to take a certain route on a required field trip. The University characterizes the duty differently, as a duty to protect Webb from the icy conditions at the condominium complex. The University then argues that because the duty is a duty to protect, Webb must establish a special relationship between himself and the University, which Webb has not. The trial court agreed with the University and found that the University did not owe Webb a duty to protect him from the icy conditions.

¶ 6 We disagree that Webb must demonstrate a special relationship with the University.[2] The duty alleged in Webb's complaint is not a duty to protect, but rather the University's duty not to act negligently in providing instruction. Specifically, Webb alleges that the University directed him to enter a dangerous area on a school-sponsored and required field trip. Thus, this is not a case where a failure to act is alleged.[3] Therefore, the special duty doctrine relied upon by the University is not helpful.[4] *See Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993) (finding no special duty to protect a member of the general public from a paroled violent felon); *Higgins v. Salt Lake County*, 855 P.2d 231, 236 (Utah 1993) (finding no special duty to protect a member of the general public from a discharged mental patient); *Rollins v. Petersen*, 813 P.2d 1156, 1161 (Utah 1991) (finding no special duty to protect a member of the general public from an escaped mental patient); *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989) (finding no special duty to protect a member of the general public from a prisoner on weekend release); *Christenson v. Hayward*, 694 P.2d 612, 613 (Utah 1984) (finding no special duty to protect a member of the general public from a drunk driver who had been stopped by the police).

¶ 7 Further, we conclude that this case is distinct from *Beach v. University of Utah*, 726 P.2d 413 (Utah 1986). In *Beach*, a student brought suit against the University for injuries she had sustained when she fell from a cliff during a weekend field trip. *See id.* at 414. The fall occurred while Beach was voluntarily intoxicated and after the daily course work had been completed. *See id.* On her way to her tent at night, Beach became disoriented and subsequently fell from the cliff. *See id.* at 415. Beach argued that the University was negligent by failing "to supervise and protect her." *Id.* The Utah Supreme Court disagreed. It first recognized that "[t]he law imposes upon one party an affirmative duty to act only when certain special relationships exist between the parties." *Id.* The court then concluded

---

2. Webb also claims that he contracted with the University for the performance of a service and, therefore, "[u]nder fundamental principles of tort law, the University owed [him] a duty ... to act as a reasonably prudent person when it undertook ... [to] provid[e] educational instruction." However, Webb failed to preserve this issue by raising it in the trial court. Webb does not argue plain error or exceptional circumstances. Absent plain error or exceptional circumstances, Utah appellate courts will not decide issues that are raised for the first time on appeal. *See Chapman v. Uintah County*, 2003 UT App 383, ¶ 10, 81 P.3d 761. Hence, we do not reach the merits of Webb's contract argument.

3. The distinction between act and omission applies generally and determines whether a plaintiff must demonstrate a special relationship to maintain a negligence claim. *See* Restatement (Second) of Torts §§ 302, 314 (1965); *see also Beach v. University of Utah*, 726 P.2d 413, 415 (Utah 1986) (citing Restatement (Second) of Torts § 314(a) (1964), for guidance).

4. Were Webb alleging that the University was negligent by failing to control his fellow student who caused Webb to fall, the University would be correct that the "failure to protect" line of cases applies.

that because "Beach's situation was not distinguishable from that of the other students on the trip ... no special relationship arose between the University and Beach." *Id.* at 416. Thus, "the University had no affirmative obligation to protect or supervise [Beach] and no duty was breached." *Id.*

¶ 8 The crucial difference between *Beach* and the facts in this case is that Webb's fall occurred while Webb was acting pursuant to instructions given by the University during course work. The University directed Webb to cross the condominium complex, whereas Beach was acting on her own when she fell. Beach claimed that the University had a special duty to protect her from her own actions, but the court found otherwise. We cannot ignore this distinction. Had Beach fallen from the cliff after her instructor had directed all the students to cross a treacherous path on the edge of the cliff, Beach certainly could have stated a negligence claim against the University even though Beach's situation was not distinguishable from that of the other students. While the University does not have a custodial relationship with its students, *see id.* at 418, the University does owe a duty to exercise ordinary and reasonable care when it affirmatively acts in directing its students to perform certain tasks as part of its curriculum.[5]

¶ 9 A second case involving the University, *Cannon v. University of Utah,* 866 P.2d 586 (Utah Ct.App.1993), also supports our result. In *Cannon,* this court upheld summary judgment for the University where the plaintiffs were injured in an auto-pedestrian accident when they used an off-campus crosswalk just off University property while walking to a University sporting event. *See id.* at 587–88. The Cannons alleged that the University police were negligent because, prior to the Cannons' arrival, the officers had ceased directing traffic and were simply sitting in the police car. *See id.* at 588. We recognized that "the officers did not owe any specific duty to the Cannons which they did not already owe to the general public." *Id.* at 590. Accordingly, we held that the University had no special relationship with, and thus owed no duty to, the Cannons. *See id.*

¶ 10 However, in reaching our conclusion we stated, "it is important to note that the Cannons did not rely on the aid of the officers when they attempted to cross the street." *Id.* In other words, it was crucial that the officers were not directing the Cannons into the dangerous area. In this case, Webb alleges that he crossed the condominium complex because the University directed students to do so. Just as the officers in *Cannon* would have owed a duty to use ordinary and reasonable care if they had aided the Cannons across the street, the University owed a duty to Webb to use ordinary and reasonable care when directing Webb to walk across the condominium complex.[6] Thus, the trial court erred when it concluded that the University, as a matter of law, owed no duty to Webb.

## CONCLUSION

¶ 11 The University owes its students the duty to exercise ordinary and reasonable care when it directs students to engage in specific activities as part of its educational instruction. Webb alleged that the Universi-

---

5. The Arizona Court of Appeals distinguished *Beach* in a similar way. *See Delbridge v. Maricopa County,* 182 Ariz. 55, 893 P.2d 55, 59 (Ct.App. 1994) (distinguishing "non-curricular activities" from those "supervised by the instructor and included in the curriculum").

6. Because we recognize that the line between the University acting and the University protecting its students is not always easy to draw, we note that were a special relationship required in this case, the facts alleged by Webb are sufficient to establish a special relationship. Where one party controls another party's acts, a special relationship exists because the controlling party "assumes responsibility for another's safety or

deprives another of his or her normal opportunities for self-protection." *Beach v. University of Utah,* 726 P.2d 413, 415 (Utah 1986) (citing Restatement (Second) of Torts § 314(A) (1964)). "Determining whether one party has an affirmative duty to protect another ... requires careful consideration of the consequences for the parties and society at large." *Id.* at 418. Failure to find a special relationship under the facts of this case would permit the University to escape all liability when it injures students by requiring them to engage in activities fraught with unreasonable risks. Such adverse consequences for society would require that we find a special relationship in these circumstances.

ty failed to exercise such care when it instructed him to cross an allegedly dangerous condominium complex as a part of a required field trip. Thus, the trial court erred when it concluded that the University owed no duty to Webb.[7] Accordingly, we reverse and remand.

¶ 12 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

7. Because we review only whether the University owed Webb a duty, we express no opinion whether the facts alleged are sufficient to demonstrate a breach of that duty or a sufficient causal link leading to Webb's injuries. For instance, if there were safe routes across the condominium complex, but Webb chose a dangerous path, it would not necessarily follow that the University directed Webb into a dangerous area.