SECOND DEPARTMENT, JUNE, 2009

(June 2, 2009)

■ RAMY ABDEL-GAWAD et al., Respondents, v AHMED ABDEL-GAWAD et al., Appellants. [882 NYS2d 425]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 25, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

At 10:00 P.M., after attending a social gathering in his neighborhood with his three sons and their friend, the defendant Ahmed Abdel-Gawad (hereinafter the defendant) was unable to start his car or turn on the car's lights. In an attempt to move the car back to his house, which was situated down the block, the defendant directed the four youths to exit the vehicle and push the car while the car's transmission was in neutral and the defendant was steering the vehicle. Although two of the defendant's sons and their friend responded immediately to the defendant's directive by exiting the vehicle and starting to push it, the defendant's 15-year-old son Ramy (hereinafter the plaintiff) remained in the car. The defendant again instructed the plaintiff to exit the vehicle and to push the car. When the plaintiff attempted to comply with his father's instruction, the car's rear tire ran over his right foot and ankle, resulting in the injuries which gave rise to this action.

After the plaintiffs commenced the present action, the

defendants moved for summary judgment dismissing the complaint on the ground that a child has no cognizable cause of action against a parent for negligent supervision. While a parent's alleged failure to supervise his or her child is not recognized as a tort actionable by the child (*see Holodook v Spencer*, 36 NY2d 35 [1974]), here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law, as the complaint did not assert that the accident resulted from negligent parental supervision but, rather, from the defendant's negligent operation and control of the vehicle (*see Hoppe v Hoppe*, 281 AD2d 595, 596 [2001]; *Grivas v Grivas*, 113 AD2d 264, 269 [1985]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiffs' opposition papers (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]).

The defendants' remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Austin, JJ., concur.