◼ DAISY MALDONADO, Individually, as Mother and Natural Guardian of JAMEL DENIS, as Administratrix of the Estate of TREINA DAVIS, Deceased, and as Coadministrator of the Estate of JOSHUA ALEXANDER MALDONADO, Deceased, et al., Respondents, v NEWPORT GARDENS, INC., et al., Defendants, and CAMBRIDGE SECURITY SERVICES CORP., Appellant. [937 NYS2d 260]—

On July 2, 2005, a fire inside the apartment of the plaintiff Daisy Maldonado resulted in the deaths of two of her children, serious injury to her third child, and serious injury to another adult. Maldonado and the father of one of the deceased children, in various capacities, commenced several actions against, among others, the owner and manager of the apartment complex, seeking, inter alia, damages for personal injuries and wrongful death. The actions were consolidated in 2007, and Cambridge Security Services Corp. (hereinafter Cambridge) was added as a defendant. In November 2010, Cambridge moved for leave to amend its answer to assert a counterclaim against Maldonado in her individual capacity. The Supreme Court denied the motion, and Cambridge appeals.

Applications for leave to amend pleadings under CPLR 3025 (b) should be freely granted unless the proposed amendment (1)

would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit (*see Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). The sufficiency or underlying merit of the proposed amendment is to be examined no further (*id.* at 227; *see Sample v Levada*, 8 AD3d 465, 467-468 [2004]). Here, Cambridge sought to amend its answer to assert a counterclaim against Maldonado in her individual capacity based on allegations that she herself bore responsibility for the injuries by leaving an almost entirely burnt candle unattended while she left the apartment to buy food. The candle was determined to be the source of the fire. Maldonado's deposition testimony indicated that the apartment's deadbolt lock could not be unlocked from either the inside or outside of the apartment without a key, and that she had locked the door from the outside before leaving the apartment.

The Supreme Court denied Cambridge's motion on the basis of the longstanding rule in this State that a minor child has no legally cognizable cause of action against a parent to recover damages for injuries caused by that parent's negligent supervision (*see Holodook v Spencer*, 36 NY2d 35, 45-46 [1974]). But, as the Court of Appeals recognized in *Holodook* itself, this rule applies only where the duty is characterized as one of supervision and exists because of the parent-child relationship. It does not apply where the duty does not depend on that relationship: "[o]f course, where the duty is ordinarily owed, apart from the family relation, the law will not withhold its sanctions merely because the parties are parent and child" (*id.* at 50; *see Hoppe v Hoppe*, 281 AD2d 595, 596 [2001]; *Leek v McGlone*, 140 AD2d 413, 413-414 [1988]; *Semmens v Hopper*, 128 AD2d 767, 768 [1987]; *Grivas v Grivas*, 113 AD2d 264, 268-269 [1985]; *Hurst v Titus*, 77 AD2d 157, 158-159 [1980]). Here, the proposed counterclaim rests on the duty that Maldonado owed to, at minimum, anyone who may have been in the apartment itself, including the adult in the apartment who was exposed to injury caused by Maldonado's alleged actions. It did not arise from the parent-child relationship. Therefore, contrary to the Supreme Court's conclusion, the proposed counterclaim was not patently insufficient or palpably devoid of merit (*see Lucido v Mancuso*, 49 AD3d at 232). Accordingly, the Supreme Court erred in denying Cambridge's motion for leave to amend its answer (*id.*; *see* CPLR 3025 [b]). Rivera, J.P., Balkin, Eng and Austin, JJ., concur.