Cirillo v Lang (2022 NY Slip Op 03493)





Cirillo v Lang


2022 NY Slip Op 03493


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-00044
 (Index No. 1732/14)

[*1]Fran Cirillo, respondent,
v
Jennifer Lang, appellant.


Richard J. Kaufman, P.C. (Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY [Robert G. Steinberg], of counsel), for appellant.
Zabell & Collotta, P.C., Bohemia, NY (Saul D. Zabell and Ryan M. Eden of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated November 8, 2019. The order denied the defendant's motion pursuant to CPLR 3025(b) for leave to amend her answer.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 3025(b) for leave to amend her answer is granted.
In 2014, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendant served an answer that did not assert any affirmative defenses. Discovery proceeded and, in 2019, prior to the filing of the note of issue, the defendant moved pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defenses of fraud and duress. By order dated November 8, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
Leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit (see Caldara v County of Westchester, 197 AD3d 607, 608). "Mere lateness is not a barrier" to amendment, absent prejudice (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [internal quotation marks omitted]), which exists where the nonmoving party "has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [internal quotation marks omitted]). "The burden of establishing prejudice is on the party opposing the amendment" (id. at 411).
Here, the Supreme Court improvidently exercised its discretion in denying the defendant's motion pursuant to CPLR 3025(b) for leave to amend her answer. The plaintiff failed to demonstrate unfair prejudice or surprise arising from the proposed amendment. To the contrary, [*2]the plaintiff's counsel expressly acknowledged the defendant's claimed defenses of fraud and duress prior to taking the defendant's deposition, and questioned the defendant at her deposition about those defenses.
Furthermore, the proposed amendment was not palpably insufficient or patently devoid of merit, and "[t]he sufficiency or underlying merit of the proposed amendment is to be examined no further" (Maldonado v Newport Gardens, Inc., 91 AD3d 731, 732; see Lucido v Mancuso, 49 AD3d 220, 222). "If the opposing party wishes to test the merits of the proposed added . . . defense," as the plaintiff sought to do here, that party may move for summary judgment upon a proper showing (Lucido v Mancuso, 49 AD3d at 229).
Accordingly, we reverse the order and grant the defendant's motion pursuant to CPLR 3025(b) for leave to amend her answer.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court